[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 05 2001
THOMAS K. KAHN
CLERK

_____

No. 99-11443
Non-Argument Calendar

_____
D.C. Docket No. 93-00190-CR-1


UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

JOSE MANUEL CANDELARIO,

Defendant-Appellant.


_____

Appeal from the United States District Court for the
Southern District of Alabama

_____
**(February 5, 2001)**

**ON PETITION FOR REHEARING**

Before ANDERSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

TJOFLAT, Circuit Judge:

The issue we must resolve on rehearing[1] is whether <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), requires the vacation of appellant's sentences and a remand for re-sentencing. Applying the plain error standard of review, we affirm.

## I.

From 1992 to mid-1993, defendant Jose Manuel Candelario was a partner in a conspiracy to sell cocaine with Theodore Cochran, Jr. Cochran and Candelario obtained powder cocaine from Miami and other locations and brought it to Mobile, Alabama. They usually converted the powder cocaine into crack cocaine in Mobile, although the conversion sometimes occurred elsewhere. The crack cocaine was then distributed from the Equalizer Club in Prichard, Alabama (in the Mobile area). Candelario and Cochran shared the proceeds from the sale of the crack cocaine, usually on an equal basis. They did not sell the cocaine themselves, choosing instead to make arrangements for others to sell it.

---

[1] As we concluded in our previous opinion, <u>United States v. Candelario</u>, 232 F.3d 214 (11th Cir. August 16, 2000) (per curiam) (unpublished table decision), we find no merit in Candelario's contentions: (1) that the district court abused its discretion in admitting the evidence of Candelario's arrest (on unspecified grounds) and presentation of false identification to police; or (2) in the district court's refusal to grant a mistrial on these grounds. Assuming that the evidence should have been excluded – and reasonable jurists could differ as to whether it should have been – we are satisfied that the court's curative instruction to the jury removed whatever undue prejudice the evidence may have produced.

On August 20, 1993, a Southern District of Alabama grand jury returned an eleven count indictment against Candelario, Cochran, and fourteen others. Candelario was charged in the first two counts. Count One alleged a conspiracy to traffic four kilograms of a mixture containing crack cocaine. Count Two charged Candelario, Cochran, and another person with possession of, with intent to distribute, nine ounces of crack cocaine. Cochran and some other defendants plead guilty, and Candelario stood trial. Cochran and two other co-conspirators testified for the prosecution. Among other things, Cochran stated that on one occasion, in December 1992 or January 1993, as part of the conspiracy, Candelario sold Cochran nine ounces of crack cocaine for $4,500. After hearing one day of testimony, the jury found Candelario guilty as charged on both counts. For these crimes, the district court sentence Candelario, on April 21, 1994, to concurrent terms of life imprisonment without parole.

Candelario appealed his convictions and sentences, but his appeal was dismissed for want of prosecution. On May 17, 1999, the district court, in a proceeding brought under 28 U.S.C. § 2255, granted Candelario leave to prosecute the instant appeal out-of-time. At the same time, applying a retroactive amendment of the Sentencing Guidelines to each count, the court reduced

3

Candelario's concurrent life sentences to concurrent terms of 360 months' imprisonment.

## II.

The Supreme Court established in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, ___, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000), that "any fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Candelario's claim that his sentences violate this central principle of <u>Apprendi</u> is reviewable under a plain error standard. Candelario must therefore satisfy the four prongs of the plain error test, as set forth in <u>United States v. Olano</u>, 507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993), and <u>Johnson v. United States</u>, 520 U.S. 461, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997).[2] <u>See</u> <u>United States v. Pease</u>, ___ F.3d ___, No. 99-2301 (11th Cir. 2001) (applying plain error review to a case involving <u>Apprendi</u> issues); <u>United States v. Smith</u>, ___ F.3d ___, No. 99-11377 (11th Cir. 2001) (same); <u>United States v. Gerrow</u>, 232 F.3d 831, 835

---

[2] [B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Johnson</u>, 520 U.S. at 466-67, 117 S. Ct. at 1548-49 (internal quotations and citation omitted); <u>see also</u> <u>infra</u> Part II.A.3.

(11th Cir. 2000) (same); United States v. Swatzie, 228 F.3d 1278, 1281 (11th Cir. 2000) (same).  In this case, we clarify when a defendant's claim that his sentence violates Apprendi will receive plain error review and when such a claim will receive preserved error review.[3]

## A.

## 1.

In cases raising Apprendi concerns, the first question a reviewing court must ask is: Did the defendant make a constitutional objection?  The second and related question is: Was the objection timely?

The answer to the first question is critical, for not every objection is a constitutional objection.[4]  A defendant may be deemed to have made a

---

[3] As explained infra Part II.A.2, in cases receiving preserved error review, a reviewing court looks at the case de novo to determine whether there is error.  If error is found, it is generally subject to the harmless error analysis of Fed. R. Crim. P. 52(a).

[4] A defendant's failure to raise a constitutional objection does not waive the Government's burden of alleging and proving every element of the offense.  See In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970) ("Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").  Because we have held that a defendant may not be sentenced above the prescribed statutory maximum based on a quantity of drugs, unless that quantity is found by the jury, see United States v. Rogers, 228 F.3d 1318, 1327-28 (11th Cir. 2000), a defendant cannot waive the Government's failure to prove this element to the jury – and a defendant need not object to obtain review of an Apprendi error on direct appeal.  However, a defendant's failure to make a timely constitutional objection will subject the alleged error to a different analysis (plain error under Fed. R. Crim. P. 52(b)

constitutional objection if his objection invokes Apprendi, 530 U.S. at ___, 120 S. Ct. at 2362-63, or Jones v. United States, 526 U.S. 227, 243 n.6, 119 S. Ct. 1215, 1224 n.6, 143 L. Ed. 2d 311 (1999). See United States v. Rogers, 228 F.3d 1318, 1320-21 (11th Cir. 2000) (holding that the defendant, whose sentencing occurred prior to Apprendi, made a valid constitutional objection by relying upon Jones, which he claimed stood for the proposition that drug quantity had to be determined by the jury). The defendant may also be deemed to have made a constitutional objection if he contends that "the issue of drug quantity should go to the jury." United States v. Nealy, 232 F.3d 825, 829 (11th Cir. 2000). Other potential constitutional objections include that an element of the offense was not proved, that the judge cannot determine quantity, or that quantity must be proved beyond a reasonable doubt (and not by a preponderance of the evidence). However, a defendant's objection to the quantity of drugs that the Government attributes to him is not, on its own, a constitutional objection. Such an objection is properly characterized as either an evidentiary objection or a sufficiency of the evidence objection. Finally, an objection to the indictment is not a constitutional objection if the indictment properly charges a crime.[5]

_____

rather than preserved error under Fed. R. Crim. P. 52(a)).

[5] In a case for possession of cocaine, for example, the indictment generally charges only that a defendant violated 21 U.S.C. § 841(a). Under pre-Apprendi law, a defendant could have

If the court determines that the defendant made a constitutional objection, the court must then determine whether the objection was timely. A constitutional objection for Apprendi purposes is timely if a defendant makes the objection at sentencing. See Smith, ___ F.3d at ___, No. 99-11377 ("Defendants never objected at their sentencing hearing when the judge determined drug quantity by a preponderance of the evidence; so our review is limited to the stringent plain error standard, an exception to the broad contemporaneous objection rule."); see also United States v. Garcia-Guizar, 234 F.3d 483, 488 (9th Cir. 2000) (reviewing the defendant's sentence under preserved error review where the defendant "argued in his sentencing memorandum that the amount of drugs for which he was to be sentenced had to be pleaded [in the indictment] and found by the jury beyond a reasonable doubt"); United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000) (reviewing the defendants' sentences under preserved error review because the defendants "raised their constitutional objections to their sentences during the sentencing hearing"). Although a defendant's constitutional objection will be

---

been sentenced under 21 U.S.C. § 841(b)(1)(A) or 21 U.S.C. § 841(b)(1)(B) without a finding of drug quantity by the jury; this changed in Rogers, 228 F.3d 1318. However, a defendant charged by such an indictment, if convicted, may still be properly sentenced under 21 U.S.C. § 841(b)(1)(C), without regard to quantity. Therefore, the defendant may not object that the indictment is invalid, for it in fact charges him with a crime. However, the defendant may object that the indictment fails to provide adequate notice concerning the extent of the penalty to which the defendant will be subjected; such an objection likely will not carry the day.

timely if made at any time prior to sentencing, it is not <u>necessary</u> that it be made prior to sentencing. The rationale behind this is simple. If the indictment properly charges an offense, it would be unproductive and run contrary to a defendant's interest to require him to object to the indictment's failure to specify a quantity amount. If we insisted on an objection to the indictment, we would effectively be forcing a defendant to claim that the Government has undercharged him. That is, the defendant would basically be forced to assert that the Government could have indicted him for a section 841(b)(1)(A) or section 841(b)(1)(B) offense rather than the section 841(b)(1)(C)[6] offense the Government

---

[6] For cocaine, 21 U.S.C. § 841(b)(1)(A)-(C) states, in pertinent part:

(A) In the case of a violation of subsection (a) of this section involving –
. . . .
        (ii) 5 kilograms or more of a mixture or substance containing a detectable amount of –
                (I) coca leaves . . . ;
                (II) cocaine, its salts, optical and geometric isomers, and salts of isomers;
                (III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
                (IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);
        (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
. . . .
such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . [and if] any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . [and if the violation is] after two or more prior convictions . . . have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . .
(B) In the case of a violation of subsection (a) of this section involving –

8

is currently charging.[7]  Because it is the Government's duty to ensure that it has

charged the proper offense, a defendant has no responsibility to point out that the

Government could have charged him with a greater offense.  Similarly, it would be

fruitless to insist that, at trial, a defendant must request the court to instruct the jury

to determine quantity.  Section 841(b)(1)(C) permits sentencing without regard to

---

. . . .
    (ii)  500 grams or more of a mixture or substance containing a detectable amount
    of –
        (I) coca leaves . . . ;
        (II) cocaine, its salts, optical and geometric isomers, and salts of isomers;
        (III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
        (IV) any compound, mixture, or preparation which contains any quantity
            of any of the substances referred to in subclauses (I) through (III);
    (iii) 5 grams or more of a mixture or substance described in clause (ii) which
    contains cocaine base;
. . . .
such person shall be sentenced to a term of imprisonment which may not be less than 5
years and not more than 40 years . . . [and if] any person commits such a violation after a
prior conviction for a felony drug offense has become final, such person shall be
sentenced to a term of imprisonment which may not be less than 10 years and not more
than life imprisonment . . . .
(C) In the case of a controlled substance in schedule I or II . . ., except as provided in
subparagraphs (A), (B), and (D), such person shall be sentenced to a term of
imprisonment of not more than 20 years . . . [and if] any person commits such a violation
after a prior conviction for a felony drug offense has become final, such person shall be
sentenced to a term of imprisonment of not more than 30 years . . . .

21 U.S.C. § 841(b)(1) (1994).  Cocaine is a schedule II drug according to 21 U.S.C. § 812,
Schedule II.

    [7] If the indictment alleges only a violation of 21 U.S.C. § 841(a), we would necessarily
read the indictment as presenting a section 841(b)(1)(C) case for sentencing purposes.  However,
if the evidence established a drug quantity that would authorize a sentence under section
841(b)(1)(A) or (B), the Government would be entitled to a special jury verdict specifying the
quantity of drugs.

9

quantity, in which event a jury finding of quantity is unnecessary. Therefore, to preserve his constitutional objection, a defendant need object only at sentencing.

Case law in this circuit demonstrates that we ask these two crucial questions in every case. The answers to these questions dictate the appropriate standard of review. If the defendant makes a constitutional objection that is timely, he receives the benefit of preserved error review. If the defendant either does not raise the constitutional objection or does not raise it in a timely fashion, he is entitled only to plain error review.

2.

Preserved error review in Apprendi cases follows a line of cases stemming from Rogers, 228 F.3d 1318 (11th Cir. 2000), and Nealy, 232 F.3d 825 (11th Cir. 2000). In Rogers, the defendant clearly raised a timely constitutional objection. Rogers asserted that, under Jones, 526 U.S. at 243 n.6, 119 S. Ct. at 1224 n.6, "the quantity of cocaine should have been determined by the jury beyond a reasonable doubt." Rogers, 228 F.3d at 1321. Rogers made this objection three times: (1) in response to the Pre-Sentence Investigation Report ("PSI"), (2) at his sentencing hearing, and (3) shortly after he was sentenced. Id. at 1320-21. Rogers's objection

10

was thus constitutional and timely, and he received the benefit of preserved error review. Id. at 1328.

In Nealy, the defendant similarly raised a timely constitutional objection. Nealy also relied on the footnote in Jones for the proposition that the issue of drug quantity must be submitted to the jury.[8] Nealy, 232 F.3d at 828. Before his trial, Nealy requested that the jury instructions include an instruction about drug quantity; Nealy renewed his objection at the sentencing hearing. Id. As Nealy's constitutional objection was timely made, he received the benefit of preserved error review. Id. at 829.

In cases applying preserved error review, the reviewing court applies a de novo standard of review when determining whether a defendant's sentence violated Apprendi by exceeding the prescribed statutory maximum. Nealy, 232 F.3d at 829; Rogers, 228 F.3d at 1321. In Apprendi, the Supreme Court established, as a constitutional matter, that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at ___, 120 S. Ct. at 2362-63; see also Jones, 526 U.S. at 243 n.6, 119 S. Ct. at

---

[8] Both Nealy and Rogers were convicted and sentenced before the Supreme Court handed down Apprendi.

11

1224 n.6 ("[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt").  In light of this clear constitutional principle, we have held that "drug quantity in [21 U.S.C. §] 841(b)(1)(A) and section 841(b)(1)(B) cases must be charged in the indictment and proven to a jury beyond a reasonable doubt."  Rogers, 228 F.3d at 1327. Therefore, the de novo review employed in preserved error Apprendi drug cases reveals that there is an error if the defendant's sentence exceeds the maximum sentence allowed by a statute without regard to quantity.  See Nealy, 232 F.3d at 829; Rogers, 228 F.3d at 1328; cf. Gerrow, 232 U.S. at 834 (holding that "there is no error . . . under Apprendi where the term of imprisonment is within the statutory maximum set forth in § 841(b)(1)(C) for a cocaine offense without regard to drug quantity").

If a reviewing court finds such an error, it is nonetheless subject to harmless error analysis under Fed. R. Crim. P. 52(a).[9]  The dictates of Rule 52(a) apply to

_____

[9] Fed. R. Crim. P. 52(a) reads: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."  As noted infra note 13, this rule places the burden on the Government to demonstrate that the error does not affect the defendant's substantial rights.  See O'Neal v. McAninch, 513 U.S. 432, 438, 115 S. Ct. 992, 995, 130 L. Ed. 2d 947 (1995).

errors "where a proper objection is made at trial," including most constitutional errors. Neder v. United States, 527 U.S. 1, 7, 119 S. Ct. 1827, 1833, 144 L. Ed. 2d 35 (1999). As Swatzie, 228 F.3d at 1283, Nealy, 232 F.3d at 829-30, and Smith, ___ F.3d at ___, have recognized, Apprendi errors do not fall within the limited class of "fundamental constitutional errors that 'defy analysis by "harmless error" standards.'" Neder, 527 U.S. at 7, 119 S. Ct. at 1833 (quoting Arizona v. Fulminante, 499 U.S. 279, 309, 111 S. Ct. 1246, 1265, 113 L. Ed. 2d 302 (1991)). Therefore, Apprendi errors are subject to a traditional harmless error analysis. Nealy, 232 F.3d at 829-30.[10]

A constitutional error, such as an Apprendi error, must be disregarded as not "affect[ing] substantial rights," Fed. R. Crim. P. 52(a), if the error is "harmless

---

[10] Although Rogers did not explicitly mention harmless error review, it was implicit in the reasoning. In that case, "[p]olice found 1 gram of cocaine base (crack cocaine) in Rogers's pocket and two cocaine cookies, which totaled 40 grams, in the van Rogers had been driving." Rogers, 228 F.3d at 1319. Rogers was sentenced on the basis of possession of 41 grams of crack cocaine. Id. at 1320. It is clear, however, that because the jury did not determine a quantity amount, the jury could have found one of three alternatives: (1) Rogers possessed only the 1 gram of crack cocaine found on his person but not the 40 grams in the van; (2) Rogers possessed only the 40 grams in the van but not the 1 gram found on his person; or (3) Rogers possessed both the 40 grams in the van and the 1 gram on his person. Because the first alternative is a finding of crack cocaine that is less than five grams, Rogers could not have been sentenced under 21 U.S.C. § 841(b)(1)(B)(iii), which requires a finding of at least five grams of crack cocaine. (A finding of cocaine sufficient to place Rogers under section 841(b)(1)(B)(iii) would have been sufficient to cover his sentence of 360 months, which is less than the forty year maximum sentence contained within that statute. See Nealy, 232 F.3d at 830; see also infra Part III.) Because the facts in Rogers clearly show, then, that the jury could have convicted and yet found an amount less than the five grams necessary to satisfy section 841(b)(1)(B)(iii), there is no way that the error in Rogers could have been harmless; reversal was the only proper choice on those facts.

13

beyond a reasonable doubt," Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed. 2d 705 (1967). This standard is only met where it is clear "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Id. In the most recent formulation of this inquiry, the Supreme Court framed the question: "Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?" Neder, 527 U.S. at 18, 119 S. Ct. at 1838. Applying this harmless error analysis, the Court held in Neder that the failure to submit to the jury the issue of the materiality of the misrepresentation, an element of the offense of fraud, may be harmless error if the evidence is so overwhelming that the jury could not have found otherwise. Neder, 527 U.S. at 15-20, 119 S. Ct. at 1837-39.

The Court's application of harmless error analysis in Neder is instructive. Neder held that the failure to submit an element of an offense to the jury is a constitutional error but may, nonetheless, be harmless. Neder, 527 U.S. at 8-15, 119 S. Ct. at 1833-37. Apprendi held that, as a constitutional matter, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be decided by a jury beyond a reasonable doubt. Apprendi, 530 U.S. at ___, 120 S. Ct. 2362-63. We have held that Apprendi applies to sentencing determinations under 21 U.S.C. §§ 841(b)(1)(A) & (B), thereby rendering the quantity of drugs an

14

element of the offense rather than a sentencing factor. Rogers, 228 F.3d at 1326-27. Because Neder held that constitutional errors, including the failure to submit an element to the jury, must be subjected to harmless error analysis (unless they are "fundamental constitutional errors"), an Apprendi error at sentencing must be subjected to harmless error analysis. See Swatzie, 228 F.3d at 1283 (noting that "[t]he error in Neder is in material respects indistinguishable from error under Apprendi"); Nealy, 232 F.3d at 829 ("Apprendi did not recognize or create a structural error that would require per se reversal."). Therefore, a court reviewing a defendant's sentence in which it finds an Apprendi error must look to whether the "omitted element is supported by uncontroverted evidence" and also "ask[] whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element." Neder, 527 U.S. at 18-19, 119 S. Ct. at 1838-39.

In Nealy, for example, the police found a specific amount of cocaine in Nealy's backpack, which also contained Nealy's identification card. The amount of cocaine was uncontested at trial and sentencing. Nealy was found guilty of the substantive offense of possession, and, "given the undisputed evidence about drug quantity, no reasonable jury could have concluded that [Nealy] was guilty of the substantive offense . . . but that the amount of cocaine possessed" was less than the

15

five grams necessary for sentencing under 21 U.S.C. § 841(b)(1)(B).  Nealy, 232

F.3d at 830.  If the error is harmless, as in Nealy, a sentence may stand; if the error

is harmful – that is, it affects the defendant's substantial rights – a new sentence

must be imposed.


3.

In contrast to the preserved error line of Apprendi cases are cases that

receive plain error review under Fed. R. Crim. P. 52(b).  These cases are

exemplified by Swatzie, 228 F.3d 1278, Gerrow, 232 F.3d 831, Smith ___ F.3d

___, No. 99-11377, and Pease, ___ F.3d ___, No. 99-2301.  In these cases, the

defendants failed to raise a constitutional objection in a timely fashion.[11]

In Swatzie, the defendant did not raise a constitutional objection, but rather

only an evidentiary objection.  He "put the amount of and form of cocaine at issue

by objecting to the presentence report's findings as to those two facts."  Swatzie,

228 F.3d at 1280.  Importantly, he did not raise Apprendi or Jones, or otherwise

---

[11]While we may not have explicitly stated the standard of review in United States v. Shepard, ___ F.3d ___, No. 00-10653 (11th Cir. 2000), it is irrelevant since Shepard's holding was merely that a sentence that falls below the twenty year maximum, as set forth in 21 U.S.C. § 841(b)(1)(C), is not subject to reversal due to Apprendi. Shepard, ___ F.3d at ___.  Shepard thus stands only for the proposition, along with Gerrow, that "there is no error, plain or otherwise, under Apprendi where the term of imprisonment is within the statutory maximum set forth in § 841(b)(1)(C) for a cocaine offense without regard to drug quantity."  Gerrow, 232 F.3d at 834.

base his objection on the fact that drug quantity (and type) must be found by the jury beyond a reasonable doubt. Therefore, although the amount of cocaine was in controversy, the objection was merely evidentiary.

In Gerrow, the defendants contested only the supervised release portion of their sentences.[12] We explicitly found that the defendants "did not challenge the constitutionality of the district court's finding of drug quantity." Gerrow, 232 F.3d at 833. The defendants did not challenge the constitutionality of their sentences until their appeal. Their sentences were therefore reviewed for plain error. Id. at 835.

In the same way, the defendants in Smith and Pease did not raise constitutional objections in a timely fashion. In Smith, although both the Government and the defense presented experts to testify on drug quantity at the sentencing hearing, the defendants "never objected at their sentencing hearing when the judge determined drug quantity by a preponderance of the evidence." Smith, ___ F.3d at ___. That is to say, although the defendants contested the amount of drugs attributed to them, they did not make a constitutional objection at the sentencing hearing. We therefore reviewed their sentences for plain error. Id.

---

[12] The defendants conceded that Apprendi did not apply to the imprisonment portion of their sentences, "as the terms of imprisonment imposed were below the prescribed statutory maximum." Gerrow, 232 F.3d at 834 (internal quotations omitted).

17

Similarly, we reviewed the defendant's sentence for plain error in Pease because he had "raise[d] the Apprendi issue for the first time on appeal."[13] Pease, ___ F.3d at ___.

A case reviewed for plain error must meet the four-pronged test set forth Olano, 507 U.S. 725, 113 S. Ct. 1770, and clarified in Johnson, 520 U.S. 461, 468, 117 S.Ct. 1544, 1549. In Johnson, the Court stated:

[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Johnson, 520 U.S. at 466-67, 117 S. Ct. at 1548-49 (internal quotations and citation omitted). It is imperative that asserted errors in plain error cases be judged against a complete record. See United States v. Young, 470 U.S. 1, 16, 105 S. Ct. 1038, 1046, 84 L. Ed. 2d 1 (1985) ("Especially when addressing plain error, a reviewing court cannot properly evaluate a case except by viewing such a claim against the entire record.").

---

[13] We noted in Pease that the defendant had entered a guilty plea which "expressly waived his right to appeal his sentence either directly or collaterally on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines." Pease, ___ F.3d at ___ n.5. We therefore "assume[d] without deciding" that the Apprendi issue fell outside the scope of the waiver when we reviewed the Apprendi issue for plain error. Id.

18

In drug cases after Apprendi, the first prong – "error" – is addressed by the same inquiry utilized under preserved error review. There is error if the defendant's sentence exceeds the statutory maximum set forth in section 841(b)(1)(C) (or other section prescribing a penalty without regard to quantity). See Rogers, 228 F.3d at 1326-28.

An error meets the "plain" requirement – the second prong – if it is "obvious" or "clear under current law." Olano, 507 U.S. at 734, 113 S. Ct. at 1777. Rogers stands for the proposition that, unless there is a quantity finding by the jury, a sentence that exceeds the maximum prescribed by 21 U.S.C. § 841(b)(1)(C) (or other section that lacks reference to quantity) is error under current law. Rogers, 228 F.3d at 1326-28. This is sufficient for the error to be considered "plain" even though the law was different at the time of the defendant's conviction and sentencing. See Johnson, 520 U.S. at 468, 117 S. Ct. at 1549 (holding that "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal – it is enough that an error be 'plain' at the time of appellate consideration"). Cf. In re Joshua, 224 F.3d 1281 (11th Cir. 2000) (holding that the Apprendi rule only applies to direct appeals and not collateral attacks, because the Supreme Court has not made Apprendi retroactive to collateral attacks).

The third prong of plain error analysis asks whether the error affected the defendant's substantial rights. Rule 52(b) of the Federal Rules of Criminal Procedure states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This third step is akin to the harmless error analysis employed in preserved error cases, which asks whether a rational jury would have found the defendant guilty absent the error.[14] In Swatzie, the third prong was not satisfied because the facts revealed that the substantial rights of the defendant were not affected. Swatzie led authorities to over one hundred grams of cocaine and twenty grams of cocaine base in his own house and admitted to possession of the cocaine; the amount of cocaine was uncontested. There was no way a jury could have found that Swatzie possessed

---

[14] The Court has made clear that the inquiries are substantially similar, as both Fed. R. Crim. P. 52(a) and Rule 52(b) discuss the "substantial rights" of the defendant:

> When the defendant has made a timely objection to an error and Rule 52(a) applies, a court of appeals normally engages in a specific analysis of the district court record – a so-called "harmless error" inquiry – to determine whether the error was prejudicial. Rule 52(b) normally requires the same kind of inquiry, with one important difference: It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.

Olano, 507 U.S. at 734, 113 S. Ct. at 1778. In Rule 52(b), the burden is on the defendant to show that the error did affect his substantial rights. By contrast, in 52(a) – used in preserved error cases – the burden is on the Government to show that the error did not affect the defendant's substantial rights. See Olano, 507 U.S. at 741, 113 S. Ct. at 1781.

We recognize that in drug cases alleging Apprendi violations, there is no material difference between preserved error review and plain error review, with the exception of this burden-shifting regarding substantial rights. Moreover, to date, it this difference in who bears the burden has not yielded different results in drug cases alleging Apprendi violations. If this pattern holds, the only functional difference between preserved error review and plain error review will be the fourth prong of plain error review.

20

drugs but that he possessed less than five grams.  Swatzie, 228 F.3d at 1282-83

(finding "no serious dispute" about the quantity of drugs).

In Smith, we found that the defendants' substantial rights were not affected

when, upon conviction of three counts of conspiracy to possess methamphetamine,

they were sentenced to three concurrent thirty year sentences.  Although sentencing

under 21 U.S.C. § 841(b)(1)(C), without reference to quantity, would have carried

a maximum penalty of twenty years' imprisonment, we held that that the statutory

maximum "on each count" was twenty years, yielding a possible maximum

sentence of sixty years (if each twenty year sentence ran consecutively).  Smith,

___ F.3d at ___.  Because the defendants' "ultimate sentence d[id] not exceed the

aggregate statutory maximum for the[ir] multiple convictions," the defendants'

substantial rights were not affected.  Id.

In Pease, the defendant's substantial rights were not affected where, after

entering a guilty plea to one count of conspiracy to distribute cocaine in violation

of 21 U.S.C. § 846, there was no contest at sentencing as to the relevant quantity of

drugs.  Pease, ___ F.3d at ___.  Although the "the amount of cocaine . . . was

disputed at sentencing," the defendant "never contended that he conspired to

distribute less than 500 grams.  In fact, in both his plea agreement and during the

plea colloquy Pease admitted that he had accepted delivery of three kilograms of

21

cocaine." Id.  Because a quantity of 500 grams of cocaine is punishable under 21

U.S.C. § 841(b)(1)(B) with a sentence of five to forty years' imprisonment, the

error in sentencing Pease to thirty years' imprisonment (instead of a maximum of

twenty years, pursuant to section 841(b)(1)(C), without regard to quantity) did not

affect his substantial rights.  Id.

"When the first three parts of [plain error review] are satisfied, an appellate

court must then determine whether the forfeited error seriously affects the fairness,

integrity or public reputation of judicial proceedings before it may exercise its

discretion to correct the error."  Johnson, 520 U.S. at 469-70, 117 S. Ct. at 1550

(internal quotations omitted).[15]  Although we have not yet based a holding of a case

involving an Apprendi error in sentencing on this fourth prong, we noted in

Swatzie that in cases where the evidence was "overwhelming" we need not

exercise our discretion to notice the error.  Swatzie, 228 F.3d at 1284 (quoting

Johnson, 520 U.S. at 470, 117 S. Ct. at 1550).   That is to say, if the sentencing

judge had ample, "overwhelming" evidence with regard to quantity, we would not

undermine the integrity or the fairness and public reputation of judicial

_____

[15] This fourth prong adds a step that is not included in preserved error review.  If the defendant preserved the error and our review shows that the defendant's substantial rights were affected, our inquiry ends and we must reverse and remand for resentencing.  In plain error review, a showing of an effect on substantial rights does not result in an automatic remand – this fourth prong of the plain error test must also be satisfied.

22

proceedings by declining to recognize the error – even if the finding of quantity was ostensibly made only by a preponderance of the evidence rather than beyond a reasonable doubt.

## B.

In the instant case, Candelario's objection was neither constitutional nor timely. Although Candelario contested the amount of crack cocaine attributable to him in his objections to the PSI and at sentencing, these objections were merely evidentiary objections. Candelario did not raise a constitutional objection on Apprendi grounds until he filed a petition for rehearing and suggestion for rehearing en banc following our first opinion in this case. We therefore may only review the claim for plain error.[16]

## III.

Applying the plain error standard of review to Candelario's case, we find that Candelario is unable to satisfy the requirements of the plain error test necessary to obtain reversal on the basis of an alleged Apprendi violation.

---

[16] Candelario also makes what he characterizes as a "facial challenge" to the constitutionality of 21 U.S.C. §§ 841 and 846. This challenge does not change the standard of review applicable to his Apprendi issues. Moreover, we find this challenge to be without merit.

23

The first prong of the plain error test requires that there be error. Johnson 520 U.S. at 467, 117 S. Ct. at 1549. Rogers held that Apprendi applies to sentencing determinations under 21 U.S.C. §§ 841(b)(1)(A) and (B). United States v. Rogers, 228 F.3d 1318, 1327 (11th Cir. 2000). Candelario was sentenced to 360 months' imprisonment on each count, and there was no explicit finding of drug quantity by the jury. With no finding of drug quantity, the statutory maximum is twenty years' imprisonment for each count.[17] 21 U.S.C. § 841(b)(1)(C); United States v. Nealy, 232 F.3d 825, 829 (11th Cir. 2000). Because Candelario's sentences exceeded that allowed by section 841(b)(1)(C), there was error in his sentences. Nealy, 232 F.3d at 829.

Candelario's Apprendi error also satisfies the second prong of the plain error test – that the error must be plain – as described supra Part II.A.3.

Candelario fails, however, to satisfy the third prong of the plain error test – the error must affect substantial rights. Candelario is unable to make such a showing as to either of his sentences. On Count Two, the possession count, Candelario's partner, Theodore Cochran, was the only witness. The jury necessarily believed Cochran for conviction under this count. Cochran testified

---

[17] 21 U.S.C. § 841(b)(1)(C) authorizes a maximum sentence of thirty years instead of twenty years if there is a proper enhancement under 21 U.S.C. § 851 for recidivism. See Rogers, 228 F.3d at 1328-29.

that, on one occasion, Candelario delivered nine ounces of cocaine base to him for distribution. Based on this testimony, no reasonable jury could have concluded that Candelario was guilty of the substantive offense (possession with intent to distribute cocaine base), but that the amount was less than five grams.[18] Under the statute, if Candelario possessed five grams or more of cocaine base, he exposed himself to up to forty years' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B)(iii). Because Candelario was sentenced to thirty years' imprisonment, his sentence falls below the forty year maximum of section 841(b)(1)(B)(iii). Thus, Apprendi is not violated, because Candelario's "substantial rights" are not affected.

Count One of the indictment, the conspiracy count, necessarily subsumes the amount of cocaine in the possession charge, at least in this case. Because the jury found at least nine ounces of crack cocaine in the possession charge, the jury also must have determined that at least nine ounces were involved in the conspiracy. The jury convicted Candelario of the conspiracy, and, according to Cochran's testimony, the nine ounces of crack cocaine passed from Candelario to Cochran for distribution in furtherance of the conspiracy. A finding of nine ounces of crack cocaine places Candelario within the reach of section 841(b)(1)(B)(iii) for the

---

[18] There are 28.35 grams in an ounce. U.S.S.G. § 2D1.1 Measurement Conversion Table.

conspiracy count. Because Candelario's sentence on Count One is thirty years – less than the forty year maximum allowed under section 841(b)(1)(B)(iii) – we find that his substantial rights were not affected.

Because Candelario is unable to satisfy the third prong of the plain error test, we need not pass judgment on the fourth prong of plain error review – whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

## IV.

Candelario failed to raise a constitutional objection to his sentences in a timely fashion. Therefore, his alleged Apprendi errors receive plain error review. Plain error review shows that, although there was error in Candelario's sentencing, his substantial rights were not affected by the error. Therefore, Candelario's convictions and sentences are

AFFIRMED.