**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge Alberto GODINEZ–SANTOS,
Defendant–Appellant.**

No. 04–14826.

D.C. Docket No. 04–20234–CR–ASG.

United States Court of Appeals,
Eleventh Circuit.

April 19, 2005.

Jacqueline Esther Shapiro, Assistant Federal Public Defender, Kathleen M.

Williams, Jan C. Smith, II, Miami, FL, for Appellant.

Suzan H. Ponzoli, Anne R. Schultz, Jeanne Marie Mullenhoff, U.S. Attorney's Office, Miami, FL, for Appellee.

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM.

Jorge Alberto Godinez–Santos appeals his fifty-seven-month sentence for being found unlawfully in the United States after having been previously deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). Godinez–Santos argues that the district court violated his rights under the Fifth and Sixth Amendments as set out in *Blakely v. Washington*, 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by increasing his offense level based upon a prior conviction when the fact of that conviction was not charged in the indictment, found by a jury, or admitted by Godinez–Santos.[1] He argues that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is inapplicable and should not be followed by this Court because it will likely be overruled by the Supreme Court.

We review *Apprendi* issues *de novo* but will reverse or remand only for harmful error. *United States v. Anderson*, 289 F.3d 1321, 1325–26 (11th Cir.2002); *United States v. Candelario*, 240 F.3d 1300, 1306–07 (11th Cir.2001).

In *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir.), *cert. denied*, ——

U.S. ——, 125 S.Ct. 637, 160 L.Ed.2d 480 (2004), we reviewed an argument by the defendant that the district court improperly enhanced his sentence based on four prior convictions that were not alleged in the indictment. This Court stated: "In *Almendarez–Torres v. United States*, the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *Marseille*, 377 F.3d at 1257 (citing *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). In *Marseille*, we refused to interpret the Supreme Court's rationale in *Apprendi* as overruling *Almendarez–Torres*. *Id.* In *United States v. Camacho–Ibarquen*, 404 F.3d 1283, ——, No. 04–11155, 2005 WL 713597, at *6 (11th Cir. Mar.30, 2005) (per curiam), we again affirmed that *Almendarez–Torrez* remains good law, noting that it has not been overruled by *Apprendi*, *Blakely*, or *Booker*. *Id.* Godinez–Santos's argument that his Fifth and Sixth Amendment rights were violated pursuant to *Blakely* is thus without merit.

AFFIRMED.

---

1. Since Godinez–Santos filed his appeal, the Supreme Court decided *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). That decision does not affect the outcome of his case.