[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14647
Non-Argument Calendar

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 5, 2005**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 04-00047-CR-0RL-28JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEMONIA M. DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 5, 2005)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Semonia M. Davis appeals his conviction and sentence for possessing with

intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. sections 841(a)(1) and (b)(1)(B)(iii). Davis raises the following three arguments on appeal: (1) his sentence violated Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005); (2) the failure of the government to allege Davis's previous convictions in the indictment or prove those past convictions to a jury precluded use of the convictions to enhance his sentence; and (3) 21 U.S.C. section 841 is unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Davis's arguments fail, and we affirm the district court.

On March 17, 2004, Davis was indicted on one count of possession of five grams or more of a mixture or substance containing cocaine base with intent to distribute, in violation of 21 U.S.C. sections 841 (a)(1) and (b)(1)(B)(iii). Davis pleaded guilty to the charge, but at sentencing he objected to the application of the federal sentencing guidelines under Blakely. The district court stated that it did not need to decide the constitutionality of the sentencing guidelines because Davis was subject to a mandatory minimum sentence of five years' imprisonment. The district court then sentenced Davis to the five-year minimum.

On appeal, Davis again challenges the application of the sentencing guidelines, and Davis raises two other issues. Davis argues, for the first time on

appeal, that the district court erred when it calculated his criminal history based on previous convictions that were not charged in the indictment or proved to a jury, and that 21 U.S.C. section 841 is unconstitutional under Apprendi.

We apply two different standards of review in this appeal. We review preserved constitutional errors de novo, but "will reverse only for harmful error." See United States v. Sanchez, 269 F.3d 1250, 1272 (11th Cir. 2002) (en banc). Errors raised for the first time on appeal are reviewed for plain error. United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir. 2001).

As to the preserved issue, Davis pleaded guilty to the crime of possession with intent to distribute five grams or more of cocaine base. This offense carries a mandatory minimum sentence of five years' imprisonment, which Davis received. 21 U.S.C. § 841(b)(1)(B)(iii). The sentence was not enhanced nor based on facts not admitted by Davis. The district court also did not consider the guidelines as either mandatory or advisory. No Booker error occurred.

Davis next argues that, but for his previous convictions, he would have been eligible for safety-valve relief from the statutory minimum sentence. He concedes that the holding of the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224, 247, 118 S. Ct. 1219, 1233 (1998), that a defendant's prior conviction is a sentencing factor, not an element of the offense, precludes his argument, but

3

contends that "[t]he position of the various Supreme Court [J]ustices . . . leave the future of <u>Almendarez-Torres</u> in doubt." Davis did not raise this argument below, and it fails the plain error test.

To satisfy plain-error, the defendant must establish that (1) the district court committed "error," (2) the error was plain, and (3) the error "affected substantial rights." <u>United States v. Olano</u>, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). An error affects substantial rights if it "affected the outcome of the district court proceedings." <u>Id.</u> at 734, 113 S. Ct. at 1778. If these criteria are met, we have the discretion to correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> at 732, 113 S. Ct. at 1776 (internal quotations and citation omitted). Davis cannot establish even the threshold of this test: that error occurred.

In <u>Almendarez-Torres</u>, the Supreme Court established that a defendant's prior conviction in the context of an enhanced penalty provision constitutes a sentencing factor that need not be alleged in the indictment or proven to a jury beyond a reasonable doubt. 523 U.S. at 239-47, 118 S. Ct. at 1229-33. In <u>Apprendi</u>, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at

4

490, 120 S. Ct. at 2362-63.  We have held that "Almendarez-Torres remains the law until the Supreme Court determines that Almendarez-Torres is not controlling precedent."  United States v. Miles, 290 F.3d 1341, 1348 (11th Cir. 2002) (quotation marks and citation omitted).  The district court did not err when it determined Davis's criminal history based on his previous convictions.

Finally, Davis challenges the constitutionality of section 841(b) in the light of Apprendi.  Davis concedes that our precedent precludes his argument, but raises the issue to preserve it for further review.  Davis did not raise this issue in the district court, and this argument fails.  In United States v. Sanchez, we held that section 841 was constitutional under Apprendi.  269 F.3d at 1267-74.  We noted that "Apprendi did not announce any new principles of statutory construction . . . but instead impose[d] only an external constitutional restraint under the Sixth Amendment and the Due Process Clause."  Id., 269 F.3d at 1268.  Davis's conviction under section 841, therefore, was not error.

**AFFIRMED.**