[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13284
Non-Argument Calendar

_____

D.C. Docket No. 04-20086-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL SALVADOR IBARRA-SUAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 16, 2005)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Manuel Salvador Ibarra-Suarez appeals his sentence for re-entering the

United States after having previously been deported, in violation of 8 U.S.C.

sections 1326(a) and (b)(2).  Ibarra-Suarez argues that the district court erred when it enhanced his sentence based upon a judicial finding that he had previously been convicted of a crime of violence.  We disagree and affirm.

Ibarra-Suarez pleaded guilty to re-entering the United States after having previously been deported, and, during the plea colloquy, admitted that he had previously been convicted of sexual battery.  Although the conduct underlying this previous conviction was not specifically described, the Presentence Investigation Report (PSI) stated that the conviction resulted from a rape.  Ibarra-Suarez did not file any objections to the PSI.  The district court concluded that Ibarra-Suarez had previously been convicted of a crime of violence and imposed a sixteen-level enhancement.  Ibarra-Suarez did not object to the enhancement.

Ibarra-Suarez argues for the first time on appeal, however, that the enhancement violated his Sixth Amendment rights because the district court enhanced his sentence based on facts that were neither charged in the indictment nor found by a jury beyond a reasonable doubt.  In making his Sixth Amendment argument, Ibarra-Suarez cites Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), because his brief was filed before the Supreme Court decided  United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005).  Because his argument is essentially one under Booker, we discuss it as such.

Errors raised for the first time on appeal are reviewed for plain error. See

United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir. 2001). To satisfy

plain error, the defendant must establish that (1) the district court committed

"error," (2) the error was plain, and (3) the error "affected substantial rights."

United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). An

error affects substantial rights if it "affected the outcome of the district court

proceedings." Id. at 734, 113 S. Ct. at 1778. If these criteria are met, we have the

discretion to correct the plain error if it "seriously affect[s] the fairness, integrity,

or public reputation of judicial proceedings." Id. at 732, 113 S. Ct. at 1776

(internal quotations and citation omitted).

Ibarra-Suarez has not established plain error. First, Booker does not apply

to the use of a previous conviction to enhance a sentence. On the contrary, the

Supreme Court in Booker reaffirmed its holding that "[a]ny fact (other than a prior

conviction) which is necessary to support a sentence exceeding the maximum

authorized by the facts established by a plea of guilty or a jury verdict must be

admitted by the defendant or proved to a jury beyond a reasonable doubt."

Booker, 125 S. Ct. at 756 (emphasis added); United States v. Shelton, __ F.3d __,

2005 WL 435120, at *3 (11th Cir. Feb. 25, 2005). Second, Ibarra-Suarez admitted

his previous conviction at his plea hearing and did not object to the factual

3

statements in the PSI.  See <u>Shelton</u>, 2005 WL 435120, *3.  Finally, Ibarra-Suarez did not object to the calculation of the guideline range in the district court nor has he presented any evidence to show that his substantial rights were affected.  <u>See</u> <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1301 (11th Cir. 2005).

**AFFIRMED.**