[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15664
Non-Argument Calendar

_____

D. C. Docket No. 06-00196-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENAN CALIX-MATUTE,
a.k.a. Renan Matute,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 30, 2007)**

Before BIRCH, DUBINA  and CARNES, Circuit Judges.

PER CURIAM:

Appellant Renan Calix-Matute appeals his 36-month sentence for illegal

reentry into the United States after deportation, in violation of 8 U.S.C. § 1326. He argues that he pled guilty only to a violation of 8 U.S.C. § 1326(a), for which the maximum penalty is two years imprisonment, but the district court sentenced him as if he had been convicted under U.S.C. § 1326(b)(1), for which the maximum penalty is ten years. He concedes that the Supreme Court held in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that the government need not allege a defendant's prior felony conviction in the indictment in order for the district court to impose an "enhanced" sentence under § 1326(b) because the prior felony is not an element of the offense. However, he argues that, in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which struck down a similar sentencing enhancement provision in a New Jersey statute, we should hold that the enhancement provision in § 1326(b) is unconstitutional and reverse his sentence.

Because Calix-Matute objected in the district court to the government's failure to allege his prior conviction in the indictment as a violation of *Apprendi*, we review his claim *de novo*. *United States v. Candelario*, 240 F.3d 1300, 1306 (11th Cir. 2001). Section 1326(a) establishes a two-year maximum sentence for aliens who illegally attempt to re-enter the United States after being deported. 8

2

U.S.C. § 1326(a). Pursuant to § 1326(b)(1), however, if an alien's initial deportation was subsequent to a conviction for a felony, the statutory maximum increases to ten years.

The Supreme Court established in *Almendarez-Torres* that a defendant's prior conviction in the context of the § 1326(b) increased-penalty provision is merely a sentencing factor that does not have to be submitted to the jury and proved beyond a reasonable doubt. 523 U.S. at 243-45, 118 S.Ct. at 1225, 1231-32. The Court later held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. The Supreme Court also stated that "we need not revisit [*Almendarez-Torres*] for purposes of our decision today to treat the case as a narrow exception to the general rule." *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362.

After *Apprendi* was issued, we considered its effect on *Almendarez-Torres* and whether the government now needs to allege a defendant's prior conviction in the indictment in order for the court to sentence him under the increased maximum penalty provision of § 1362(b)(2). *United States v. Guadamuz-Solis*, 232 F.3d 1363, 1363 (11th Cir. 2000). In *Guadamuz-Solis*, we held that "*Almendarez-*

3

*Torres* remains the law until the Supreme Court determines that *Almendarez-Torres* is not controlling precedent." *Id.*

Because the Supreme Court's holding in *Almendarez-Torres* remains binding precedent, we affirm Calix-Matute's sentence.

**AFFIRMED.**