[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16468
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00251-JSM-MAP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUM SILAS SHAW,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 1, 2014)

Before MARCUS, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Demetrium Shaw appeals his 240-month total enhanced sentence, imposed after re-sentencing pursuant to Dorsey v. United States, 567 U.S. ___, 132 S. Ct. 2321 (2012), and the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (2010).  After careful review, we affirm his sentence.

I.

Shaw was convicted of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii) and 846, and possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii).  At his original sentencing, Shaw argued that the FSA, effective August 3, 2010, was applicable and that the jury's finding that he was responsible for fifty grams or more of crack only triggered the five-year mandatory minimum sentence under the FSA, which would be enhanced to a ten-year mandatory minimum under 21 U.S.C. § 851 based on his prior felony drug conviction.  The district court, however, found that the FSA did not apply and that the jury's finding that Shaw's crimes involved fifty grams or more of crack cocaine therefore triggered the ten-year mandatory minimum under the pre-FSA sentencing statute, enhanced to twenty years based on Shaw's prior conviction.  The court sentenced Shaw to 240 months' imprisonment.

Shaw appealed his convictions and sentence.  We affirmed his convictions but vacated his sentence and remanded for re-sentencing in light of the Supreme

Court's holding in <u>Dorsey</u>, 567 U.S. at ___, 132 S. Ct. at 2335, that the FSA's lower mandatory minimums apply to defendants whose crimes preceded the effective date of the FSA (August 3, 2010) but who were sentenced after that date. See <u>United States v. Shaw</u>, 482 F. App'x 449, 453-54 (11th Cir. 2012).

Prior to the FSA, 21 U.S.C. § 841 provided that a defendant responsible for fifty grams or more of crack cocaine was subject to a mandatory minimum sentence of ten years' imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii) (2009). The same statute also provided that such a defendant who had a prior felony conviction for a drug offense was subject to an enhanced mandatory minimum sentence of twenty years' imprisonment. <u>Id.</u> The FSA then lowered the statutory mandatory minimums for crack-cocaine offenses. <u>Dorsey</u>, 567 U.S. at ___, 132 S. Ct. at 2329. Pursuant to the FSA, a finding of 280 grams of crack cocaine, increased from the pre-FSA quantity of fifty grams, is required for the ten-year mandatory minimum to apply. 21 U.S.C. § 841(b)(1)(A)(iii) (2010). That ten-year mandatory minimum is enhanced to twenty years for a defendant with a prior felony drug conviction. <u>Id.</u> On the other hand, a finding of only twenty-eight grams or more of crack cocaine, increased from the pre-FSA five grams, subjects a defendant to a mandatory minimum of five years' imprisonment, enhanced to ten years if such a defendant has a prior felony drug conviction. <u>Id.</u> § 841(b)(1)(B)(iii). The FSA's lower mandatory minimums apply to defendants, like Shaw, who committed

3

offenses involving crack cocaine before August 3, 2010 but who were sentenced after that date. Dorsey, 567 U.S. ___, 132 S. Ct. at 2335.

At Shaw's re-sentencing, the district court applied the FSA but imposed the same sentence. Although Shaw was convicted of crimes involving "50 grams or more" of crack cocaine, as that was the quantity charged in the pre-FSA superseding indictment, the district court adopted the Presentence Investigation Report's (PSI's) finding that Shaw was responsible for 5896.8 grams of crack. Noting that defense counsel at the original sentencing concurred with a calculation of well over 5000 grams of crack cocaine, the district court imposed the ten-year mandatory minimum sentence applicable to defendants convicted of crimes involving at least 280 grams of crack, which the court enhanced to a twenty-year sentence based on Shaw's prior conviction. Accordingly, the district court again sentenced Shaw to 240 months' imprisonment, from which Shaw now appeals.

On appeal, Shaw argues that the district court erred in sentencing him pursuant to the mandatory minimum of ten years' imprisonment based on the court's finding that Shaw's crimes involved more than 280 grams of crack cocaine when the jury only convicted him of crimes involving fifty grams or more. Shaw cites Alleyne v. United States, 570 U.S. ____, 133 S. Ct. 2151 (2013),[1] and

---

[1] The Supreme Court had not yet decided Alleyne at the time Shaw filed his initial brief, but he nevertheless raises the Alleyne objection specifically to preserve the issue for review on appeal.

Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), to argue that the Sixth Amendment requires a jury to find beyond a reasonable doubt any fact that triggers a mandatory minimum sentence (i.e., that the jury here was required to find that Shaw's crimes involved 280 grams or more of crack cocaine for the ten-year mandatory minimum sentence to be applicable).

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362-63. Two years later, the Supreme Court in Harris v. United States drew a distinction between facts increasing a defendant's minimum sentence and those increasing his maximum sentence, holding that only the latter need be charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt. 536 U.S. 545, 565-66, 122 S. Ct. 2406, 2418-19 (2002), overruled by Alleyne, 570 U.S. at ___, 133 S. Ct. at 2155. The Court thereby expressly declined to extend Apprendi's holding to facts that increase a mandatory minimum sentence. Id. at 566-67, 2421.

Recently, in Alleyne, the Supreme Court found that the distinction between facts increasing a defendant's mandatory maximum sentence and those increasing his mandatory minimum sentence was inconsistent with Apprendi. 570 U.S. at ___, 133 S. Ct. at 2155. Consequently, the Court overruled Harris and held that

5

any fact that increases the mandatory minimum sentence constitutes an element of the offense and must be submitted to the jury. Id. The Court then concluded that the district court in that case violated the defendant's Sixth Amendment rights by increasing the mandatory minimum sentence based on the judge's finding, rather than the jury's, that the defendant brandished a firearm. Id. at ___, 2163-64.

Here, Shaw argues that the district court erred under Alleyne when it imposed the ten-year mandatory minimum based on the court's finding that Shaw's crimes involved over 280 grams of crack cocaine. He argues that the mandatory minimum could not be imposed because the jury only convicted him of crimes involving fifty grams or more of crack. After careful review, we affirm his sentence.

## II.

Because Alleyne represents an extension of Apprendi, we have held that the same framework for review applies. United States v. McKinley, 732 F.3d 1291, 1295 (11th Cir. 2013). To preserve an Apprendi error, and by extension an Alleyne error, for review, a defendant must make a timely constitutional objection in the district court. Id.; United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir. 2001). The failure to make such an objection results in this Court's application of plain error review. McKinley, 732 F.3d at 1296.

A defendant may raise a constitutional objection by invoking Apprendi or Jones v. United States, 526 U.S. 227, 243 n.6, 119 S. Ct. 1215, 1224 n.6 (1999), by contending that the issue of drug quantity should go to the jury, or by arguing that an element of the offense was not proved, that the judge cannot determine drug quantity, or that the quantity must be proved beyond a reasonable doubt. Candelario, 240 F.3d at 1304. A defendant's objection to the quantity of drugs alone, however, is not sufficient to preserve an Apprendi-type error. Id. Furthermore, a constitutional objection is timely if a defendant makes the objection at sentencing or any time prior thereto. Id. at 1304, 1305. If a defendant makes a timely constitutional objection, we review de novo the preserved Apprendi or Alleyne error. Id. at 1306.

If we find an Apprendi or Alleyne violation upon de novo review, such a violation is subject to the harmless error rule, meaning that the error must be disregarded as not affecting substantial rights if it is harmless beyond a reasonable doubt. Id. at 1307. A constitutional error is harmless if it is clear beyond a reasonable doubt that the error did not contribute to the verdict. Id. In reviewing an Apprendi or Alleyne error, we look to whether the omitted element—here, the 280-gram quantity of crack cocaine that would trigger the ten-year mandatory minimum—is supported by uncontroverted evidence and also whether the record contains evidence that could rationally lead to a contrary finding. Id. at 1308.

Here, Shaw preserved any Alleyne error for review when he argued at sentencing (1) that the FSA required the jury to find him guilty of crimes involving 280 grams or more of crack cocaine for the ten-year mandatory minimum to be applicable and (2) that he was only charged with and convicted of crimes involving fifty grams or more and thus could not be subject to the ten-year mandatory minimum. We therefore review his Alleyne claim de novo and apply the harmless error rule.

### III.

Although we find that the district court erred under Alleyne in imposing the ten-year mandatory minimum based on the court's judicial finding of a quantity of crack cocaine not found by the jury, we conclude that such error was harmless.

The government concedes that the district court erred under Alleyne when it imposed the mandatory minimum sentence of ten years' imprisonment, enhanced to twenty years due to Shaw's prior conviction, based on the court's finding that Shaw's crimes involved 280 grams or more of crack. The government, however, argues that such an error was harmless beyond a reasonable doubt because Shaw conceded that his crimes involved well over 280 grams of crack. We agree.

An Alleyne error is harmless beyond a reasonable doubt if the omitted element triggering the mandatory minimum sentence is supported by uncontroverted evidence and if the record does not contain evidence that would

8

rationally lead to a contrary finding.  See Candelario, 240 F.3d at 1308 (listing those factors to be considered by a court reviewing an Apprendi error).  Here, uncontroverted evidence in the record demonstrates beyond a reasonable doubt that Shaw's crimes involved over 280 grams of crack cocaine.

The trial testimony of one of Shaw's buyers established that Shaw's crimes involved thousands of grams of crack cocaine over a period of four years.  Based on that testimony, the PSI found Shaw responsible for 5896.8 grams of crack.  Importantly, in objecting to the offense level computation in the PSI, Shaw argued only that he should be held accountable for 4070 grams of crack, instead of 5896.8 grams, based on the buyer's testimony.  Shaw also maintained in his sentencing memorandum that the testimony gave rise to a calculation of 4243.2 grams of crack.  Similarly, in his sentencing memorandum on remand, Shaw argued that a five-year mandatory minimum was applicable under the FSA, as the jury only convicted him of crimes involving fifty grams or more of crack, but he conceded that the buyer's testimony demonstrated that Shaw's offenses involved over 1900 grams of crack.

In addition, defense counsel concurred at the original sentencing with the prosecutor's calculation of 5796 grams.  Shaw argues on appeal that his counsel's concurrence was only to the offense level, and not to the drug quantity, but that argument is contradicted by a plain reading of the hearing transcript.  In any event,

9

even if we disregard defense counsel's concession at the original sentencing, the record nevertheless demonstrates beyond a reasonable doubt that Shaw repeatedly conceded to a crack-cocaine quantity of well over 280 grams.

Moreover, although Shaw argues that the jury could have found that he was guilty of crimes involving more than fifty but less than 280 grams of crack by rejecting the testimony of Shaw's buyer, the evidence in the record could not rationally lead to such a finding, especially considering Shaw's own concessions as to quantity. Thus, we find that the uncontroverted evidence in the record supports a finding that Shaw's crimes involved well over 280 grams of crack and that the district court's Alleyne error in imposing the ten-year mandatory minimum despite the lack of a jury finding to that effect was therefore harmless. Accordingly, we affirm Shaw's 240-month sentence.

AFFIRMED.