# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3858

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Mark D. Nelson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 17, 2001

Filed: May 24, 2001

_____

Before LOKEN, ROSS, and FAGG, Circuit Judges.

_____

PER CURIAM.

A jury convicted Mark D. Nelson of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846. The district court[*] found Nelson was responsible for at least 1844 grams of methamphetamine, making Nelson's statutory sentencing range between ten years and life. See id. § 841(b)(1)(A)(viii). Nelson was also a career offender, which resulted in a Sentencing Guidelines range of thirty years to life. The district court sentenced Nelson to thirty years in prison.

_____

[*]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

Because the indictment, jury instructions, and verdict form did not specify a drug quantity, and the district court's drug quantity finding increased the statutory maximum sentence for his offense from twenty years to life in prison, see id. §§ 841(b)(1)(C), (b)(1)(A)(viii), Nelson contends his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000) (other than fact of an earlier conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt). Nelson concedes we review this issue for plain error. Thus, to obtain resentencing under Apprendi, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" Johnson v. United States, 520 U.S. 461, 467 (1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). If these conditions are satisfied, we may exercise our "discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations omitted).

Before trial, the Government proposed a special verdict form for the jury's use in deciding drug quantity in light of Apprendi. The district court declined to use the form because Nelson was advised at arraignment he faced a possible life sentence if convicted and Nelson specifically waived his right to have the jury decide the amount of drugs involved in the conspiracy. After trial, Nelson changed his mind and raised his Apprendi objection at sentencing. The district court held Nelson had waived his Apprendi objection at trial and the waiver was knowingly, voluntarily, and intelligently made as a tactical decision. The district court also found that if there was any error in allowing Nelson to waive jury determination of weight, the error was harmless because evidence of drug quantity was overwhelming.

Even if the failure to have the jury decide drug weight was plain error, the error did not affect Nelson's substantial rights because no reasonable jury could have found Nelson responsible for less than 500 grams of a mixture containing methamphetamine, the quantity triggering the statutory maximum of life in prison found in § 841(b)(1)(A)(viii). See United States v. Poulack, 236 F.3d 932, 938 (8th Cir. 2001).

We cannot say any <u>Apprendi</u> error prejudicially influenced Nelson's sentence. Further, because the evidence of drug quantity was overwhelming, we would not exercise our discretion to notice the alleged error. <u>See</u> <u>United States v. Candelario</u>, 240 F.3d 1300, 1311 (11th Cir. 2001).

Nelson also asserts the <u>Apprendi</u> decision overruled <u>McMillan v. Pennsylvania</u>, 477 U.S. 79 (1986) (regarding minimum sentences) and <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998) (regarding prior convictions). We disagree. <u>See</u> <u>Apprendi</u>, 530 U.S. at 487-88 & n.13; <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 932 & n.4 (8th Cir.), <u>cert. denied</u>, 121 S. Ct. 600 (2000).

We reject Nelson's remaining arguments in summary fashion. First, the district court did not commit plain error in finding Nelson's statements to law enforcement were voluntary. Second, viewing the evidence in the light most favorable to the verdict and giving the Government the benefit of all reasonable inferences, we conclude the evidence was sufficient to prove Nelson guilty of conspiracy to distribute methamphetamine beyond a reasonable doubt. Contrary to Nelson's assertions, we presume the jury followed its instructions not to hold Nelson's silence against him and not to convict him based on his mere presence at the scene of a crime or mere association with shady characters. Nelson also questions the credibility of Government witnesses, but this was the jury's job. Last, the district court did not abuse its discretion in denying Nelson's suggestion for a continuance during the trial when he was unable to locate potential witnesses.

We thus affirm Nelson's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.