[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13855
Non-Argument Calendar

_____

D. C. Docket No. 04-80022-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 16, 2005)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Gregory Richardson appeals his 162-month sentence, imposed after he pled

guilty in a written plea agreement to one count of bank robbery, in violation of 18

U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2. On appeal, Richardson argues that the district court sentenced him under a mandatory Sentencing Guidelines scheme and based on facts not charged in the indictment or admitted by him in his plea agreement, in violation of <u>Blakely v. Washington</u>, 542 U.S. ---, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2005), and <u>United States v. Booker</u>, 543 U.S. ---, 125 S. Ct. 738 (2005).[1]

Because Richardson raised his <u>Blakely/Booker</u> claim in the district court, he is entitled to <u>de novo</u> review. See <u>United States v. Paz</u>, 2005 WL 757876, *2 (11th Cir. Apr. 5, 2005); <u>United States v. Candelario</u>, 240 F.3d 1300, 1305 (11th Cir.

---

[1] He also challenges the district court's enhancement of his offense level under U.S.S.G. § 3C1.2 based on a finding that he recklessly created a risk of death or serious bodily harm to another. He asserts that he did not participate in the conduct that the district court characterized as reckless endangerment because, although he was a passenger in the get-away car, he was not the driver and, thus should not be held responsible for the driver's operation of the vehicle at a high rate of speed, prior to crashing into two other cars. From our review of the sentencing transcript, Richardson waived this claim at the sentencing hearing. Upon receipt of the PSI, Richardson objected to the factual basis for the § 3C1.2 enhancement. However, at the subsequent sentencing hearing, he said he objected to the enhancement based only on <u>Blakely</u>. Where a defendant knowingly waives his objections at sentencing, we will not review the objection for the first time on appeal. See <u>United States v. Masters</u>, 118 F.3d 1524, 1526 (11th Cir. 1997) (affirming and declining to apply plain-error review where defendant knowingly waived objection to upward departure, even where district court had erred in imposing departure); <u>cf. United States v. Olano</u>, 507 U.S 725, 733, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1992) (distinguishing waiver from forfeiture and noting that forfeiture is the failure to make the timely assertion of a right whereas waiver is the "intentional relinquishment or abandonment of a known right" and that mere forfeiture, as opposed to waiver, does not extinguish an "error" under Fed. R. Crim. P. 52(b)); <u>United States v. Rodriguez</u>, 311 F.3d 435, 437 (1st Cir. 2002) (stating that "a waived issue ordinarily cannot be resurrected on appeal" and concluding that "[a] party who identifies an issue, and then explicitly withdraws it, has waived the issue"). Accordingly, we refuse to consider this argument now.

2

2001) (reviewing preserved Apprendi[2] claim).  Under this standard, we look first to whether there was error and, if so, we undertake a harmless error analysis.  Paz, 2005 WL 757876 at *2; Candelario, 240 F.3d at 1307; United States v. Nealy, 232 F.3d 825, 829 (11th Cir. 2000) (reviewing preserved constitutional challenge to a sentence de novo, but stating we "will reverse or remand only for harmful error").

In Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 490, 120 S. Ct. at 2362-63.  The Court subsequently applied the Apprendi rule in the context of Washington State's sentencing guideline scheme, clarifying that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  Blakely, 542 U.S. at ___, 124 S. Ct. at 2537 (citations omitted) (emphasis in original).

---

[2] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Most recently, in Booker, the Supreme Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in Blakely. See 125 S. Ct. at 749. The Court held that the mandatory nature of the Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Id. at 749-52. As we recently observed, "[t]his constitutional holding 'means that it is no longer possible to maintain the judicial factfinding that Congress thought would underpin the mandatory Guidelines system that it sought to create.'" United States v. Garcia, --- F.3d ---, 2005 WL 845532, at *12 (11th Cir. Apr. 13, 2005) (quoting Booker, 125 S. Ct. at 757).

First, Richardson argues that the district court violated Blakely (now Booker) by making the following factual findings to support enhancing his sentence: (1) he had taken the property of a financial institution; (2) he had participated in a conspiracy involving a firearm; and (3) he had recklessly created substantial risk of death or serious bodily harm -- that were not charged in the indictment or admitted by him. We disagree.

With respect to the first two of these enhancements, the indictment to which Richardson pled guilty charged Richardson with taking approximately $52,758 from a bank, during which a firearm was used to assault and put in jeopardy the

4

life of another person. Moreover, as part of his guilty plea, Richardson admitted that he had robbed from a bank approximately $52,758, while his codefendant stayed in the lobby with a firearm. Accordingly, the district court did not make findings on additional facts to support a sentencing enhancement, and thus did not commit Sixth Amendment error, within the meaning of Blakely.

As for the reckless-endangerment-during-flight enhancement, although the indictment did not allege, and Richardson did not admit as part of his guilty plea to, the facts supporting the enhancement, Richardson at sentencing withdrew any fact-based objections to this enhancement and consequently the court did not engage in any judicial factfinding on this issue. Thus, no Sixth Amendment violation occurred. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (holding that there was no Sixth Amendment violation where defendant did not raise any objections to the factual statements in the PSI and thus admitted to the facts that enhanced his sentence). On this record, there was no impermissible judicial factfinding in violation of the Sixth Amendment.

Although there was no constitutional Booker error here, Richardson was sentenced under the pre-Booker mandatory Sentencing Guidelines. The district court followed the correct sentencing procedure when it sentenced Richardson, but "the Supreme Court has now excised the mandatory nature of the Guidelines in

5

Booker." Shelton, 400 F.3d at 1330 (reviewing Booker claim for plain error). In Shelton, we concluded that "it was [non-constitutional] Booker error for the district court to sentence Shelton under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Id. (citing United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005) ("the [non-constitutional Booker] error is the mandatory nature of the guidelines once the guidelines range has been determined")). "As a result of Booker's remedial holding, Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." Shelton, 400 F.3d at 1331.

Here, we find Booker error based on the remedial holding of the case because the court treated the Guidelines range as mandatory. However, after our de novo review of the record, including a careful reading of the transcript of the sentencing hearing, we are satisfied that the non-constitutional error did "not affect substantial rights," and, accordingly, pursuant to Rule 52(a), the error "shall be disregarded." Fed. R. Crim. P. 52(a). A non-constitutional error is harmless "if, viewing the proceedings in their entirety, a court determines that the error did not affect the [outcome], or had but very slight effect." United States v. Hornaday, 392 F.3d 1306, 1315 (11th Cir. 2004) (internal quotation marks and citations omitted). "If one can say 'with fair assurance . . . that the judgment was not substantially

6

swayed by the error,' the judgment is due to be affirmed even though there was error." Id. (quoting Kotteakos v. United States, 328 U.S. 750, 764 66 S. Ct. 1239, 1248, 90 L. Ed. 1557 (1946)); see also United States v. Frazier, 387 F.3d 1244, 1266 n.20 (11th Cir. 2004) (en banc) ("Errors do affect a substantial right of a party if they have a 'substantial influence' on the outcome of a case or leave 'grave doubt' as to whether they affected the outcome of a case." (quoting Kotteakos, 328 U.S. at 764-65, 66 S. Ct. at 1248)).

At the sentencing hearing, the district judge indicated that he believed the Guidelines eventually would be found unconstitutional, but that he was bound by the decisions of the Supreme Court and this Court, neither of which, as of the date of Richardson's sentencing, had held the Guidelines were unconstitutional. After making this observation, and considering the parties' arguments on the appropriate sentence, the district judge imposed a Guidelines sentence of 162 months' imprisonment, which was at the high end of the Guidelines range, observing that it did so "based upon the violent nature of the offense." The judge also imposed "an alternate sentence if the Sentencing Guidelines are held to be unconstitutional"-- the alternate sentence was also 162 months' imprisonment.

In short, based on our thorough reading of the sentencing transcript, we can find no indication that the district court would have imposed a different sentence

7

under the post-Booker advisory scheme.  In fact, the district court's imposition of an alternate sentence indicates the exact opposite -- that it would exercise its discretion to impose the same sentence if the Guidelines were held to be unconstitutional.  Cf. United States v. Paz, __ F.3d__, 2005 WL 757876 (11th Cir. Apr. 5, 2005) (holding that Booker error in enhancing defendant's sentence under a mandatory guidelines system was not harmless beyond a reasonable doubt where the sentencing transcript indicated that defendant's sentence would have been shorter had the district court used the guidelines in an advisory fashion).  On this record, the non-constitutional Booker error was harmless in that it did not affect substantial rights under Rule 52(a) because the error did not affect the outcome of the proceedings or, even if it did, had "but very slight effect."  Hornaday, 392 F.3d at 1315.  Accordingly, we can say "with fair assurance . . . that the judgment was not substantially swayed by the error," and affirm Richardson's sentence.  Id. (quotation omitted).

**AFFIRMED.**