[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 20, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-10079
Non-Argument Calendar

_____

D. C. Docket No. 03-00181-CR-JOF-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LISA Y. BEASLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 20, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Lisa Yvette Beasley appeals her 18-month sentence, imposed after she pled guilty to making a false statement to a federally insured financial institution to obtain credit, in violation of 18 U.S.C. § 1014; and mail fraud, in violation of 18 U.S.C. § 1341. The district court sentenced her to concurrent 18-month terms of imprisonment on each count. On appeal, Beasley argues that the district court erred by imposing an enhanced sentence, based upon the inclusion of fraudulent acts committed against her father because the fact was not charged in the indictment and occurred at least eighteen months after the conduct alleged in the counts of conviction. Beasley timely raised her sentencing claim in the district court and in her initial brief to this Court, and thus she is entitled to preserved error review. See United States v. Candelario, 240 F.3d 1300, 1305 (11th Cir.2001) (reviewing preserved Apprendi claim).

Under this standard, we look first to whether there was error and, if so, we undertake a harmless error analysis. Id. at 1307; United States v. Nealy, 232 F.3d 825, 829 (11th Cir.2000) (reviewing preserved constitutional challenge to a sentence de novo, but stating we "will reverse or remand only for harmful error"). Upon thorough review of the record and careful consideration of the parties' briefs, and in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147

2

L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which was extended to the federal Sentencing Guidelines in United States v. Booker, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we vacate Beasley's sentence, and remand for resentencing.

The relevant facts are straightforward. Beginning in October 1993 and through October 2000, Beasley used Lisa Ann Beasley's (hereinafter "Lisa A") name, date of birth, and social security number to fraudulently obtain furniture and credit cards and to rent an apartment in Atlanta. Beasley further admitted in a pre-arrest statement that while working as a clerk in processing firearms applications for the Bureau of Alcohol, Tobacco, and Firearms ("ATF") in 1992, she obtained Lisa A's personal information from a federal firearms application.

The Presentence Investigation Report (PSI) stated that in 2000, Beasley began to use her father's personal information to obtain credit cards in his name, with Beasley as an additional authorized user. Beasley admitted in her pre-arrest statement that she used the ATF's Treasury Enforcement Communications System in an effort to locate her father's social security number for credit applications.

In preparing the PSI, the probation officer recommended a base offense level of six, pursuant to U.S.S.G. § 2F1.1(a), and a four-level increase under § 2F1.1(b)(1)(E), based on the amount of loss attributable to Beasley, i.e.,

$37,015.82. To reach this amount, the probation officer included $30,545.53 that Beasley had fraudulently obtained through the use of her father's social security number. The probation officer also recommended a three-level reduction for Beasley's acceptance of responsibility, and two-level increases under U.S.S.G. §§ 2g1.1(b)(2) (more than minimal planning), 3A1.1(b) (vulnerable victim), and 3B1.3 (abuse of position of trust). Based upon a total offense level 13 and a category I criminal history, the probation officer determined that Beasley's guidelines sentencing range fell between 12-18 months' imprisonment.

Beasley objected to the total amount of loss for which she was held accountable, arguing that the additional $30,545.53 attributable to the conduct against her father should not be considered in her sentencing calculus because that conduct occurred several years after her actions relating to the counts of conviction. Beasley reiterated her objection at sentencing, noting that under U.S.S.G. § 1B1.3(a)(2), the fraud against her father neither occurred in the same course of conduct, or was part of a common scheme or plan involving Beasley's conduct regarding Lisa A.

The district court overruled Beasley's objection, finding that her multiple acts of fraud were connected in time and, therefore, constituted a single course of conduct as termed in § 1B1.3(a)(2). Based upon the mandatory nature of the

4

guidelines at the time of the appeal, we previously affirmed Beasley's conviction and sentence. See United States v. Beasley, No. 04-10079 (Nov. 19, 2004). The Supreme Court vacated the opinion and remanded the case to us for consideration in light of Booker. See Beasley v. United States, __ S.Ct.__, 125 S.Ct. 1744 (2005).

On January 12, 2005, the Supreme Court concluded that Blakely applies to the United States Sentencing Guidelines. United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 755 (2005). Specifically, the Supreme Court determined that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the mandatory Sentencing Guidelines, imposes a sentence greater than the maximum authorized by the facts established by the jury or admitted by the defendant. Id. at 749-50, 755-56.

Although the issue here is not a violation of the Sixth Amendment, we do think that the district court committed statutory error under Booker in sentencing Beasley under a mandatory Guidelines scheme. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir.2005) ("[T]he Supreme Court has now excised the mandatory nature of the Guidelines in Booker. Thus, we conclude that it was Booker error for the district court to sentence Shelton under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement

5

violation.").

Booker instructs that "in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine." Booker, 125 S.Ct. at 769. Under the standard of harmless error, it is the government's burden to demonstrate the absence of prejudice to the defendant. See United States v. Paz,--F.3d--, 2005 WL 757876, at *2 (11th Cir. April 5, 2005); United States v. Monroe, 353 F.3d 1346, 1352 (11th Cir.2003); United States v. Fern, 155 F.3d 1318, 1327 (11th Cir.1998) ( "The appropriate review under the harmless error review standard mirrors the plain error review standard regarding prejudice to substantial rights, except that the burden of persuasion shifts: the government must show the absence of prejudice to the defendant's substantial rights.").

We cannot say that the Booker error is harmless in this case. The government has not met its burden because, had the Guidelines been advisory, Beasley's sentence probably would have been shorter. The indictment conduct and the conduct against Beasley's father were separated by over a year and half. By virtue of the sentencing guidelines, an additional $30,545.53 factored into the total loss amount that resulted in her sentence. Indeed, we have noted that "when

illegal conduct does exist in 'discrete identifiable units' apart from the offense of conviction. The Guidelines anticipate a separate charge for such conduct." United States v. Maxwell, 34 F.3d 1006, 1011 (11th Cir. 1994). Although the high degree of similarity and the minimal time interval between the offenses would support the mandatory imposition of Beasley's 18-month sentence, see U.S.S.G. § 1B1.3, comment. (n.9B)), we cannot say the same is true when the guidelines are only advisory. Thus, the government cannot show that the error did not affect Beasley's substantial rights. Accordingly, we vacate Beasley's sentence and remand for resentencing consistent with Booker.

We note that on remand, the district court is required to sentence Beasley under an advisory Guidelines regime, and shall consider the relevant Guidelines as well as "other statutory concerns." See Booker, 125 S.Ct. at 757 (citing 18 U.S.C. § 3553(a) (Supp.2004)).[1]

**VACATED and REMANDED.**

---

[1] We are not saying that on remand the district court must impose a lesser sentence. On remand, the district court may impose the same sentence. Rather, we are saying only that the government has not met its burden to show that the Booker error was harmless