[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15160
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20228-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PITTER SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 25, 2005)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant Pitter Sanchez appeals his 57-month sentence for importing 100 grams or more of heroin into the United States, in violation of 21 U.S.C. § 952(a), and possession with intent to distribute 100 grams

or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B).  After review, we vacate Sanchez's sentence and remand for resentencing.

Sanchez, traveling with his wife and two minor daughters, arrived at the Miami Airport on a flight from Bogota, Colombia.  After the inspectors noted inconsistencies in Sanchez's and his wife's statements concerning their visit to the United States, Sanchez admitted to swallowing an unknown number of pellets containing narcotics.  An x-ray of Sanchez's abdominal area revealed the presence of the pellets.  Sanchez was taken to the hospital and passed a total of 94 pellets.  According to the Drug Enforcement Administration laboratory analysis, the 94 pellets contained a total of 826.3 grams of heroin.[1]

The PSI recommended a base offense level of 30, with a two-level decrease under § 2D1.1(b)(6) (specific offense characteristic), a two-level enhancement under § 3B1.4 (using a minor child to commit the offense or to avoid detection or apprehension), and a three-level reduction under §§ 3E1.1(a) & (b) (acceptance of responsibility).  With a criminal history of I, the applicable guideline range was 70-87 months' imprisonment.

---

[1] The DEA did not weigh each of the pellets.  Rather, a certain percentage of the pellets were weighed and the total weight was extrapolated from the sample size.  On appeal, Sanchez does not contest the validity of the sample size used by the DEA, see United States v. Rivera-Maldonado, 194 F.3d 224, 230-32 (1st Cir. 1999) (discussing scientifically significant sample size and collecting cases), nor does he allege that the district court's factual finding regarding drug quantity was not supported by a preponderance of the evidence.  Consequently, we do not address these issues.  See United States v. Harris, 376 F.3d 1282, 1291 (11th Cir. 2004) (issues not raised are waived).

The defendant objected to the § 3B1.4 enhancement, arguing that he did not use a minor child to commit the offense or to avoid detection or apprehension, and that the enhancement violated  Blakely v. Washington, 124 S. Ct. 2531 (2004). The defendant also objected to the district court's drug quantity calculation, arguing that, under Blakely, the district court could hold him accountable only for the 100 grams of heroin in the indictment and guilty-plea admission.

The district court sustained the defendant's objection to the enhancement under § 3B1.4, but overruled the defendant's objection as to the drug quantity calculation.  Consequently, the defendant's adjusted offense level was 25, which rendered a guideline range of 57-71 months' imprisonment.  As noted above, the district court sentenced Sanchez to the low-end of the guideline range.

On appeal, Sanchez argues that his sentence violates the Sixth Amendment under United States v. Booker, 125 S. Ct. 738 (2005), because the district court held him accountable for a greater amount of drugs than he either pled guilty to or otherwise admitted.  Because Sanchez raised a Blakely objection in the district court and in his initial brief on appeal, we review his sentence de novo.  United States v. Paz, – F.3d –, 2005 WL 757876, at *2 (11th Cir. April 5, 2005).

In Paz, we explained that harmless-error analysis applies in de novo review cases and puts the burden on the government to show "' beyond a reasonable doubt

3

that the error complained of did not contribute to the [sentence] obtained.'" Id. at *2 (quoting United States v. Candelario, 240 F.3d 1300, 1307 (11th Cir. 2001)). In cases involving Booker error, the government must show that the mandatory, as opposed to the advisory, application of the guidelines did not contribute to the defendant's sentence. Id. at *2; see also United States v. Rodriguez, 398 F.3d 1291, 1300-01 (11th Cir. 2005).

We first conclude that Sanchez's Sixth Amendment rights were violated when the district court enhanced his sentence, under a mandatory Guidelines system, based on facts not found by a jury or admitted by the defendant. The Sixth Amendment violation, however, stems not from the district court's extra-verdict enhancement (drug amount), but from the district court's use of that extra-verdict enhancement in sentencing Sanchez in a mandatory Guidelines scheme. See Rodriguez, 398 F.3d at 1301.

Indeed, there is no error shown as to the district court's findings or the guideline calculations in this case, and the constitutional error is not the district court's fact finding as to drug quantity. Rather, the constitutional error is the district court's use of that drug quantity in a mandatory guideline regime. Further, the government concedes that the constitutional error in this case potentially contributed to Sanchez's sentence and is, therefore, not harmless.

4

In addition, we recognize that the district court did impose an alternative sentence of 46 months' imprisonment. However, the district court imposed the alternative sentence if, under Booker, it was not permitted to determine drug quantity under a preponderance-of-the-evidence standard. That is, the district court's 46-month sentence was based on a drug quantity of 100 grams of heroin.

As noted above, under Booker, the district court is not limited to the 100 grams of heroin Sanchez pled guilty to. Rather, the district court may continue to use its fact-finding regarding the 826.3 grams of heroin, as well as its other previous guideline determinations, when resentencing Sanchez. That is, on remand, the district court is required to sentence Sanchez under an advisory Guidelines regime, and shall consider the guideline range of 57-71 months' imprisonment, and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." Booker, 125 S. Ct. at 757; see United States v. Crawford, – F.3d –, 2005 WL 1005280, at *3-4 (11th Cir. May 2, 2005). Thus, we vacate Sanchez's sentence and remand for resentencing under an advisory Guideline scheme.[2]

**VACATED AND REMANDED**.

---

[2]We do not know exactly what sentence the district court will impose on remand after consulting the § 3553(a) factors. We will not attempt to decide now whether a particular sentence below the Guideline range might be reasonable in this case. If there is an appeal of the actual post-remand sentence which raises that issue, we can decide it then. Furthermore, we do not imply that on remand the district court must impose a lesser sentence, or any particular sentence for that matter.

5