[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-14309
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 27, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-20210-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN MANUEL CASTELLANOS-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(May 27, 2005)**

ON PETITION FOR PANEL REHEARING

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

After we filed our opinion in this case, the appellant Franklin M. Castellanos-Rodriguez ("Castellanos-Rodriguez") filed a petition for rehearing/suggestion of rehearing en banc. After directing the Government to file a response to the petition and reviewing the Government's response, we grant the petition for rehearing, withdraw our previous opinion, and substitute the following in lieu thereof.

Castellanos-Rodriguez appeals his 46 month sentence for importation of 100 grams or more of heroin into the United States, in violation of 21 U.S.C. § 952(a). On appeal, Castellanos-Rodriguez maintains that the district court erred in (1) not granting his request for a minor role reduction, and (2) sentencing him using a base offense level that was determined using facts that were not charged in the indictment, stipulated to by him, or found by a jury beyond a reasonable doubt, as required by *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005).

**Minor Role Reduction**

"[We have] long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The Sentencing Guidelines provide for a four-level decrease in offense level if the defendant was a "minimal participant," a two-level decrease if the defendant was a

"minor participant," and a three-level decrease for cases in between the two. *See* U.S.S.G. § 3B1.2. The defendant "bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *De Varon*, 175 F.3d at 939.

We have stated that

> The district court's ultimate determination of the defendant's role in the offense should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct.

*Id.* at 940. We have held that "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id.* at 942-43.

Analyzing the first principle from *De Varon*, the district court attributed only the amount of drugs actually seized by law enforcement, and admitted by Castellanos-Rodriguez, 476.9 grams of heroin, in calculating his base offense level. *See id.* at 940. Further, the record indicates that Castellanos-Rodriguez's position in the conspiracy was as intricate as the other participants. Although Mayra, a female whom he had met at his beauty salon in Boston, contacted him about importing the drugs, and Manual, the man Mayra put in touch with

3

Castellanos-Rodriguez, got him the drugs, Castellanos-Rodriguez was responsible for swallowing the pellets of heroin and cocaine, transporting them into the United States, and was to receive a substantial monetary sum, $4,000, for doing so. Castellanos-Rodriguez did not provide any evidence of how Mayra or Manual contributed significantly more to the conspiracy than did he; thus, he did not meet his burden of proving that he was a minor participant. Therefore, the district court did not clearly err in finding that, since Castellanos-Rodriguez's relevant conduct as a drug courier was limited to his own act of importation, he was not entitled to a minor role reduction. *See De Varon*, 175 F.3d at 940, 942-43.

**Fifth and Sixth Amendments**

A constitutional objection that is timely, "receive[s] the benefit of preserved error review." *United States v. Candelario*, 240 F.3d 1300, 1306 (11th Cir. 2001). Castellanos-Rodriguez's constitutional objection is entitled to preserved error review because he argued, in his timely objections to the PSI and again at sentencing, that the district court violated his Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004), by using an amount of drugs in determining his base offense level. The record demonstrates that Castelanos-Rodriguez raised a *Booker* constitutional error issue in a timely and appropriate way in the district court. Although his constitutional error argument

4

clearly fails, we must also review whether there was statutory error. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005).

After reviewing the sentencing transcript, we are convinced that the district court considered the guidelines mandatory. When it did so it erred. As we held in *Shelton*, a *Booker* error occurs when a district court sentences a defendant "under a mandatory Guidelines scheme[.]" *Id.* at 1330-31. Castellanos-Rodriguez preserved a *Blakely/Booker* objection in the district court, so the government bears the burden to prove the error was harmless. *United States v. Paz*, 405 F.3d 946, 948 (11th cir. 2005) (per curiam). A non-constitutional error "is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.'" *United States v. Hornaday*, 392 F.3d 1306, 1315 (11th Cir. 2004) (citations omitted) (quoting *Kotteakos v. United States*, 328 U.S. 750, 762, 763, 66 S. Ct. 1239, 1246, 1248 (1946)). If we cannot "say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,'" the sentence must be vacated. *See id.* at 1315-16. Moreover, the Government does not argue in its brief that Castelanos-Rodriguez waived the issue of statutory error. Because it is not clear to us from the record that the error is harmless, and the government has failed to meet its burden, we

vacate Castellanos-Rodriguez's sentence and remand this case for resentencing consistent with this opinion.

**VACATED and REMANDED.**