[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15307
Non-Argument Calendar

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2005
THOMAS  K. KAHN
CLERK**

D. C. Docket No. 03-00480-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM H. HYDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 14, 2005)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

William Hyde appeals his sentence of twenty-one months' imprisonment,

imposed following his guilty pleas for embezzlement, in violation of 18 U.S.C. § 641, and conversion, in violation of 42 U.S.C. § 408(a)(5). For the reasons that follow, we vacate and remand for resentencing.

## I. Background

Hyde was charged by superseding indictment with one count of embezzlement of Social Security Funds, in violation of 18 U.S.C. § 641, and one count of conversion of Social Security benefits, in violation of 42 U.S.C. § 408(a)(5). On the morning of the trial, he agreed to plead guilty to both counts without a written plea agreement.

At the change of plea hearing, the government proffered that Hyde had applied to be the representative payee for his disabled brother's Social Security benefits following the death of their father. The brother briefly lived with Hyde, but moved out of state during the commission of the offenses. Hyde received his brother's disability and supplemental security income benefits checks for almost a year and either cashed or deposited them in his own account even though he knew that money was supposed to be used for his brother's care. During this period, he obtained $51,083.46, but gave his brother only $2,931. Hyde admitted that the facts were correct, and he entered his guilty plea to both counts of the indictment. The court accepted the plea and adjudicated Hyde guilty.

The probation officer prepared a presentence investigation report ("PSI"), using the 2003 edition of the manual and assigning a base offense level of six under U.S.S.G. § 2B1.1(a), with a six-level increase based on the amount of loss involved. The probation officer then included (1) a three-level enhancement for vulnerable victim under U.S.S.G. § 3A1.1, based on a determination that Hyde intentionally selected his brother, who was unable to care for himself, and (2) a two-level enhancement for abuse of trust under U.S.S.G. § 3B1.3, based on a determination that Hyde's representative status enabled him to convert the funds. The probation officer recommended a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). With an adjusted offense level of fifteen and a criminal history category I, Hyde's guidelines range was eighteen to twenty-four months' imprisonment.

Hyde objected to the guidelines calculations, arguing that his base offense level could not be enhanced based on facts not found by a jury beyond a reasonable doubt, in light of <u>Blakely v. Washington</u>, 542 U.S. _, 124 S. Ct. 2531 (2004). He also contested the factual basis for the various enhancements. The government objected to the reduction for acceptance of responsibility. At sentencing, the court rejected Hyde's challenge to the amount of loss because he had admitted to the amount during the plea colloquy. The court overruled Hyde's other objections.

The court also denied any reduction for acceptance of responsibility based on Hyde's lack of cooperation and the fact that he forced the government to prepare for trial by waiting until the morning of trial to enter a plea. Applying the 2000 edition of the guidelines manual to avoid any ex post facto problems, the court calculated the base offense level as four with a seven-level increase for the amount of loss under U.S.S.G. § 2B1.1(a) and (b)(1)(H). This adjusted offense level was increased by three levels based on the vulnerable-victim enhancement and by two levels based on the abuse- of-trust enhancement, resulting in a total adjusted offense level of sixteen. Hyde's resulting guideline range was twenty-one to twenty-seven months' imprisonment. The court sentenced Hyde to twenty-one months' imprisonment on each count, to run concurrently, and ordered restitution in the amount of $48,152.46.

## II. Discussion

Hyde argues that this case should be remanded for resentencing in light of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 749-56 (2005) because his offense level was increased based on two extra verdict enhancements under a mandatory guidelines system: (1) the vulnerable-victim enhancement and (2) the abuse-of-trust enhancement. In Booker, the Supreme Court held that Blakely applied to the federal sentencing guidelines and "that the Sixth

4

Amendment right to trial by jury is violated where <u>under a mandatory guidelines system</u> a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." <u>Booker</u>, 125 S. Ct. at 749-56. This court has explained that a <u>Booker</u> error also results from a district court's use of a mandatory guidelines scheme, even in the absence of any constitutional error. <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Here, we need not determine whether the error is constitutional or statutory because the government concedes that the error is of the constitutional variety. Moreover, the government also concedes that Hyde preserved his <u>Booker</u> error claim. Therefore, we review his claim de novo and will reverse unless any error was harmless. <u>United States v. Robles</u>, ___F.3d__, 2005 WL 1083487, *3 (11th Cir. May 10, 2005). For <u>Booker</u> constitutional errors to be harmless, it must be "clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005) (quoting <u>United States v. Candelario</u>, 240 F.3d 1300, 1307 (11th Cir. 2001)) (citations, bracket, and internal quotations omitted); <u>see also</u> <u>United States v. Mathenia</u>, ___F.3d___, 2005 WL 1201455, at *2 (11th Cir. May 23, 2005) (discussing different harmless error standards for constitutional error versus

statutory error). The burden is on the government to prove that the error was harmless beyond a reasonable doubt. Robles, 2005 WL 1083487 at *3.

Here, the issue is whether the constitutional error was harmless. We conclude that it was not. The government simply has not carried its burden to prove that the error was harmless beyond a reasonable doubt. See Paz, 405 F.3d at 948-49. At the sentencing hearing, the district court made no revealing statements about the sentence imposed or the impact of Blakely on its sentence. Absent some indication from the court that it would have imposed the same sentence if the guidelines were only advisory, the government cannot show harmless error. Compare Robles, 2005 WL 1083487 at *3 (in Booker constitutional error case, affirming a defendant's sentence where district judge said that "my sentence would be the same regardless of whether Blakely had invalidated the guidelines or not..."). Thus, Hyde must be resentenced under the advisory guidelines system.[1]

Accordingly, we VACATE and REMAND to the district court for resentencing consistent with Booker.

---

[1] We also reject Hyde's argument that he was entitled to a reduction for acceptance of responsibility. We review a district court's determination that a defendant is not entitled to a reduction for acceptance of responsibility for clear error. United States v. Williams, ___ F.3d ___, 2005 WL 1058931, at *9-10 (11th Cir. May 6, 2005). Hyde waited until the morning of the trial to plead guilty and he was uncooperative with the probation officer regarding his financial status, which related to the restitution required by the conduct. The district court found this conduct was inconsistent with acceptance of responsibility. This finding was not clearly erroneous. Thus, on remand, the district court need not readdress whether Hyde was entitled to a reduction for acceptance of responsibility.