[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14826

_____

D.C. Docket No. 04-20234-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ALBERTO GODINEZ-SANTOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 11, 2005)

**ON PETITION FOR REHEARING**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

The Court on its own motion grants rehearing and vacates the opinion that was issued in this case on April 19, 2005. This opinion takes the place of that one.

Jorge Alberto Godinez-Santos appeals his fifty-seven-month sentence for being found unlawfully in the United States after having been previously deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Godinez-Santos argues that the district court violated his rights under the Fifth and Sixth Amendments as set out in Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), by increasing his offense level based on a prior conviction when the fact of that conviction was not charged in the indictment, found by a jury, or admitted by Godinez-Santos. He argues that Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), is inapplicable and should not be followed by this Court because it will likely be overruled by the Supreme Court. He also contends that the district court committed a statutory error under Booker, and, as a result, his sentence should be vacated and his case remanded for resentencing.

We review Apprendi issues de novo but will reverse or remand only for harmful error. United States v. Anderson, 289 F.3d 1321, 1325–26 (11th Cir. 2002); United States v. Candelario, 240 F.3d 1300, 1306–07 (11th Cir. 2001).

2

In United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir.), cert. denied, 125 S. Ct. 637 (2004), we reviewed an argument by the defendant that the district court improperly enhanced his sentence based on four prior convictions that were not alleged in the indictment. This Court stated: "In Almendarez-Torres v. United States, the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." Marseille, 377 F.3d at 1257 (citing Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998)). In Marseille, we refused to interpret the Supreme Court's rationale in Apprendi as overruling Almendarez-Torres. Id. In United States v. Camacho-Ibarquen, ___ F.3d. ___, 2005 WL 1297236 (11th Cir. June 2, 2005) (per curiam), we again affirmed that Almendarez-Torrez remains good law, noting that it has not been overruled by Apprendi, Blakely, or Booker. Godinez-Santos' argument that his Fifth and Sixth Amendment rights were violated pursuant to Booker is thus without merit.

However, as we recognized in United States v. Shelton, 400 F.3d 1325, 1300–31 (11th Cir. 2005), a district court commits a Booker statutory error by sentencing the defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Because Godinez-Santos

3

properly preserved this argument,[1] "we review the defendant's <u>Booker</u> claim in order to determine whether the error was harmless." <u>United States v. Mathenia</u>, ___ F.3d ___, 2005 WL 1201455 (11th Cir. May 23, 2005).

"A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." <u>Id.</u> (quotation and marks omitted). The burden is on the government to meet this standard. <u>Id.</u>

The district court gave no indication during the Godinez-Santos' sentencing hearing that it would not have given him a lesser sentence had it considered the guidelines as advisory rather than mandatory. As a result, the government has not carried its burden of demonstrating that the <u>Booker</u> statutory error was harmless.

**VACATED AND REMANDED.**

---

[1] During his sentencing hearing, which took place before the Supreme Court's decision in <u>Booker</u> was handed down, Godinez-Santos raised the argument that his sentence was unconstitutional under <u>Blakely</u>. He did the same in his initial brief to this Court. Under our <u>Shelton</u> decision, that is enough to preserve and present the statutory error issue.

4