[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16237
Non-Argument Calendar

_____

D.C. Docket No. 03-00348-CR-J-32-MCR

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

    versus

WAYNE ANTHONY MOORE,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(July 20, 2005)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

    Wayne Anthony Moore appeals his sentence of 360 months' imprisonment

for distribution and possession with intent to distribute cocaine base, in violation

of 21 U.S.C. sections 841(a)(1) & (b)(1)(B).  Moore argues that the district court erred under United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), when it sentenced him under mandatory guidelines as a career offender based on facts not proved to a jury beyond a reasonable doubt.  Because the government did not establish that the statutory error under Booker was harmless, we vacate  and remand for resentencing.

"[A] constitutional objection that is timely, . . . receives the benefit of preserved error review."  United States v. Candelario, 240 F.3d 1300, 1305 (11th Cir. 2001). Where, as here, an error was preserved below, we review de novo and, "if error is found, it is generally subject to the harmless error analysis of Fed.R.Crim.P. 52(a)."  Id. at 1303 n.3.  Rule 52(a) states that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."  Fed. R. Crim. P. 52(a).

In Booker, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S. Ct. at 756.  We have explained that there are two kinds of sentencing errors based on Booker.  The first is constitutional error: "the

2

Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005) (citations omitted). The second is statutory error: "[a]s a result of Booker's remedial holding, Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Each kind of Booker error requires a different standard of review to determine whether the error was harmless. Booker constitutional error is harmless when the government can show, beyond a reasonable doubt, that error did not contribute to the ultimate sentence. Booker statutory error is subject to a less demanding test. See United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005). A statutory error is harmless if, viewing the proceedings in their entirety, the error did not affect the sentence or had only a "very slight effect." Id. If the sentence was not "substantially swayed" by the error, then the sentence is due to be affirmed in spite of the error. Id. The harmless error standard for statutory errors is not easy for the government to meet, and is as difficult for the government to meet as the third-prong prejudice standard that a defendant must

3

meet under plain error review.  Id.  In other words, the government has the burden to show that the error did not affect the defendant's substantial rights.  See id.

This appeal requires that we apply each of these standards.   Moore raised in the district court both  constitutional error and statutory error.  We address each in turn.

The district court did not commit constitutional error under Booker when it applied the career offender enhancement based on Moore's previous convictions. In Almendarez-Torres v. United States, 523 U.S. 224 118 S. Ct. 1219 (1997), the Supreme Court concluded that recidivism is not a separate element of an offense that the government is required to prove beyond a reasonable doubt.  523 U.S. at 247, 118 S. Ct. at 1232-33.  Booker specifically excepted prior convictions from its holding.  See Booker, 543 U.S. at __, 125 S. Ct. at 756.  We have repeatedly determined that the Supreme Court has left its holding in Almendarez-Torres undisturbed, and that Almendarez-Torres remains good law and binding precedent until the Supreme Court decides otherwise. See United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005); Shelton, 400 F.3d at 1329.

Moore's related argument that the district court violated his right against self-incrimination under the Fifth Amendment is frivolous.  At the sentencing hearing, Moore admitted his previous convictions and the district court

4

alternatively relied upon the judgments regarding those convictions filed by the government. Moore did not even attempt to invoke his privilege against self-incrimination.

Although there was no constitutional error, the district court erred when it sentenced Moore under a mandatory guidelines system. See Shelton, 400 F.3d at 1330-31. Accordingly, we must determine whether the government showed that the error did not affect the sentence or had only a "very slight effect." Mathenia, 409 F.3d at 1292. We conclude that the government has not met that heavy burden. There is nothing in the record to suggest that had the district court known the guidelines were advisory, the district court would have imposed the same sentence. We, therefore, vacate and remand for resentencing consistent with Booker.

**VACATED AND REMANDED.**