[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10566
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00348-CR-J-32-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE ANTHONY MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 19, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Wayne Anthony Moore challenges his sentence and argues that the district court erred when it (1) classified him as a career offender and (2) believed that it lacked discretion to depart downward. Because Moore's arguments are barred by the law of the case, we affirm his sentence.

## I. BACKGROUND

Moore was convicted of distribution and possession with intent to distribute crack cocaine. 18 U.S.C. § 841(a)(1), (b)(1)(B). Moore appealed his sentence, which was imposed under the mandatory Sentencing Guidelines in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and we remanded for resentencing under the advisory Guidelines. United States v. Moore, No. 04-16237 (11th Cir. July 20, 2005). On remand, the presentence investigation report (PSI) recommended a base offense level of 28 and a two-level enhancement for using a minor in the offense. Because Moore had at least two prior convictions for felonies involving a crime of violence or a controlled substance offense, the PSI classified Moore as a career offender and set the total offense level at 37. U.S.S.G. § 4B1.1. Moore's criminal history category was VI, and the resulting Guidelines range was 360 months to life.

At the resentencing hearing, Moore referred to his arguments from the first sentencing, in which he had objected to the career offender enhancement and

argued that his criminal history category overrepresented the seriousness of his criminal history, and requested a sentence of 140 months. The court reaffirmed its rejection of Moore's arguments from the first sentencing and, after discussing the section 3553(a) sentencing factors, imposed a sentence of 262 months.

Moore argues that the district court erred when it classified Moore as a career offender. We rejected this argument in Moore's first appeal and held that the career offender enhancement was not constitutional error, because prior convictions need not be proved to a jury beyond a reasonable doubt. Almendarez-Torres v. United States, 523 U.S. 224, 247, 118 S. Ct. 1219, 1232-33 (1997); Booker, 543 U.S. at 244, 125 S. Ct. at 756; United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied, 126 S. Ct. 233 (2005). The law of the case bars our reconsideration of this issue. See Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1286 n.3 (11th Cir. 2004).

Moore also argues that the district court erroneously believed it lacked the authority to grant a downward departure. See United States v. Webb, 139 F.3d 1390, 1394-96 (11th Cir. 1998). Because Moore did not raise this issue in his first appeal, the law of the case also bars our consideration of this issue. United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).

**AFFIRMED.**