[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14400
Non-Argument Calendar

_____

D. C. Docket No. 05-14017-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LOUIS HUNTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 22, 2006)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

David Louis Hunter appeals his life sentence, imposed after he was

convicted of possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Hunter argues that the district court unconstitutionally used his prior convictions, not alleged in the indictment or submitted to the jury, to sentence him to a mandatory life sentence.

Because Hunter objected to the use of his prior convictions to enhance his sentence below, he has preserved this issue for appeal. United States v. Candelario, 240 F.3d 1300, 1305 (11th Cir. 2001).

The district court sentenced Hunter to a life sentence pursuant to § 841(b)(1)(a). Section 841(b) states that:

> In the case of a violation of subsection (a) of this section involving. . .(ii) . .50 grams or more of a mixture or substance described in clause (ii) [cocaine] which contains cocaine base [and]. . . .If any person commits a violation of this subparagraph. . .after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release.

21 U.S.C. § 841(b)(1)(a).

The Supreme Court has specifically held, in the context of using prior convictions that were not alleged in the indictment, that "a State need not allege a defendant's prior conviction in the indictment or information that alleges the elements of an underlying crime, even though the conviction was 'necessary to bring the case within the statute.'" Almendarez-Torres v. United States, 523 U.S.

2

224, 243, 118 S.Ct. 1219, 1231, 140 L.Ed.2d 350 (1998) (emphasis in original).  In Apprendi, the Supreme Court further confirmed the continuing validity of the Almendarez-Torres holding, when it held that prior convictions were the exception to the rule that any fact that increased a penalty had to be proved beyond a reasonable doubt to a jury. Apprendi  v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).  Therefore, the Supreme Court has specifically exempted past convictions having to be alleged and proved when being used by the government to increase a defendant's penalty.  The Court in Shepard acknowledged that it had  not yet reconsidered Almendarez-Torres.  Shepard v. United States, 544 U.S. 13, 27, 125 S.Ct. 1254, 1264, 161 L.Ed.2d 205 (2005).

Further, we have previously rejected the argument that using unalleged past convictions to enhance a penalty is unconstitutional or that Booker would prohibit a district court from using prior convictions to enhance a sentence.  See United States v. Marseille, 377 F.3d 1249, 1257-58 (11th Cir.),  cert. denied, 543 U.S. 1013 (2004)(citations omitted); United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir.),  cert. denied,  126 S.Ct. 223 (2005).  Additionally, "the district court was, and still is, bound by the statutory minimums." United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005).

3

In light of the current binding Supreme Court and Eleventh Circuit precedent allowing the district court to use unalleged prior convictions to enhance sentences, the district court did not act unconstitutionally by sentencing Hunter pursuant to a statutory minimum.  Accordingly, we affirm Hunter's sentence.

**AFFIRMED.**[1]

---

[1]  Hunter's request for oral argument is denied.