[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14721
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20288-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON VALDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 17, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Nelson Valdes appeals from his 151-month sentence for conspiracy to defraud the United States, to cause the submission of false claims, and to receive health care kickbacks, 18 U.S.C. § 371; conspiracy to commit health care fraud, 18

U.S.C. § 1349; and soliciting and receiving kickbacks involving a federal health care program, 42 U.S.C. § 1320a-7b(b)(1), 18 U.S.C. § 2. On appeal, Valdes argues that: (1) the district court erroneously calculated the amount of loss under U.S.S.G. § 2B1.1; (2) the district court misapplied the sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(9)(C); (3) his sentence was substantively unreasonable; and (4) his sentence violated his Fifth and Sixth Amendment rights. After careful review, we affirm.

We review a district court's application of the Guidelines to the facts de novo and all factual findings for clear error. United States v. Humber, 255 F.3d 1308, 1311 (11th Cir. 2001). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Robertson, 493 F.3d 1322, 1330 (11th Cir. 2007) (quotations omitted), cert. denied, 128 S. Ct. 1295 (2008). However, where a party fails to raise an issue before the lower court, we review the issue for plain error only. United States v. Candelario, 240 F.3d 1300, 1308-09 (11th Cir. 2001). To prove plain error, a party must show: (1) an error, (2) that is plain, and (3) that affects substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). "If all three conditions are met, an appellate court may then exercise its discretion to notice a

forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. Generally, we review a sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

First, we reject Valdes's claim that the district court erred in calculating the amount of loss under U.S.S.G. § 2B1.1. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997) (quotations omitted). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005) (quotations omitted). A court is precluded from invoking the plain error rule and reversing a district court decision where invited error exists. Id.

Valdes invited any error resulting from the district court's adoption of the amount of loss calculated in the PSI when he urged the court "to adopt [the probation officers'] position with respect to intended loss. . . ." Thus, we will not review the district court's determination of amount of loss. Id.

3

Second, we are unpersuaded that the district court misapplied the sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(9)(C). Under this provision, a sentencing court may increase the base offense level for fraud by two levels if "the offense otherwise involved sophisticated means." U.S.S.G. § 2B1.1(b)(9)(C). The application note defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1, cmt. n.8(B). The examples include "hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts" or "in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction." Id.

As applied here, the district court did not clearly err in applying the two-level sophisticated means enhancement under § 2B1.1(b)(9)(C) to Valdes's base offense level for fraud. The information provided at trial and contained in the PSI -- that Valdes recruited beneficiaries and sought out doctors so as to aid in hiding the illegality of his Medicare claims, and converted F&M Medical into a pharmacy through which he continued to defraud Medicare -- plainly supports the application of this provision.

Third, we do not agree that Valdes's sentence was substantively unreasonable. In reviewing sentences for reasonableness, we ordinarily perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[1] If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597).

"[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Furthermore, in considering the

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

5

guideline factors, the district court need not discuss each of them individually.

Rather, "an acknowledgment by the district court that it has considered the

defendant's arguments and the factors in section 3553(a) is sufficient under

Booker."[2]   Id.   "[T]he party who challenges the sentence bears the burden of

establishing that the sentence is unreasonable in the light of both th[e] record and

the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351

(11th Cir. 2006) (quotations omitted).

At Valdes's sentencing, the district court did not, contrary to Valdes's

assertion, consider only the Guidelines range.  Instead, the district court noted that

it had given "careful consideration to the statements of all of the parties and the

presentence report and the statutory factors. . . ."  The district court also

specifically noted its awareness of Valdes's ill health and his request for a

departure, but explained that it was "not persuaded to grant that departure which is

meant for extremely rare and very complicated medical impairments."  The district

court then imposed a sentence of 151 months, at the high end of the Guidelines

range, observing that such a sentence "reflect[ed] the seriousness of the

defendant's offenses, the fact that this is the defendant's third conviction for

Medicare fraud."  As the record shows, the district court adequately explained the

---

[2] United States v. Booker, 543 U.S. 220 (2005).

6

reasons for its sentence, and Valdes's sentence was within the guideline range, which we ordinarily expect to be reasonable. Talley, 431 F.3d at 788. Valdes has failed to meet his burden of establishing that his sentence was substantively unreasonable.[3]

Lastly, we find no merit in Valdes's claim that his sentence violated his Fifth and Sixth Amendment rights. In Booker, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. However, we have held that Booker does not prohibit courts from considering relevant conduct in an advisory Guidelines system as long as a court does not impose a sentence that exceeds the statutory maximum authorized by the jury verdict. United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005) (concerning acquitted conduct).

Further, the Supreme Court has said that the "application of the preponderance standard at sentencing generally satisfies due process." United States v. Watts, 519 U.S. 148, 156 (1997). The Supreme Court also acknowledged the circuit split on whether to apply a "clear and convincing evidence" standard in

---

[3] Valdes has not challenged his sentence as being procedurally unreasonable, aside from the Guidelines issues discussed above.

extreme circumstances where a sentence could be dramatically increased. Id. We have continued to hold that relevant uncharged or acquitted conduct may be taken into account in sentencing, as long as such conduct is proven by a preponderance of the evidence and the court clearly applied the Guidelines as advisory. United States v. Faust, 456 F.3d 1342, 1347-48 (11th Cir. 2006).

Because this issue was not preserved, we review only for plain error, and Valdes has not established any. Under the case law, Valdes's constitutional rights clearly were not violated when the district court considered his uncharged conduct in arriving at his ultimate sentence, as the government proved by a preponderance of the evidence that Valdes did in fact engage in such conduct. In addition, Valdes himself urged the district court to accept the PSI's calculations of amount of loss, which amount included losses from Valdes's uncharged conduct. And finally, Valdes was sentenced within the statutory range on each of the counts of conviction, and the district court expressly recognized the Guidelines as advisory when it discussed the § 3553(a) factors. See 18 U.S.C. §§ 371, 1347; 42 U.S.C. § 1320a-7b(b)(1); Duncan, 400 F.3d at 1304-05.

**AFFIRMED.**