[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13114
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00308-TWT-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREIVAUGHN AKEEM PERDUE,
a.k.a. Trebo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 7, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Treivaughn Akeem Perdue appeals his within-guidelines 80-month sentences after pleading guilty to eight counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  Perdue argues on appeal that: (1) the district court committed procedural error by imposing a sentence based on an erroneous factual finding that Perdue's criminal history involved "repeated acts of violence involving firearms"; and (2) his sentence was substantively unreasonable because the sentence fails to take adequate account of Perdue's mental disabilities, and is greater than necessary to comply with the purposes listed in 18 U.S.C. § 3553(a)(2).  After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  We review objections to sentencing issues that are not raised at the district court for plain error, and will make corrections only if there is (1) an error, (2) that is plain, and (3) that affects substantial rights.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  "The standard of review for improper factual findings is clear error, while the application of the law to those facts by the trial court, such as its interpretation and application of the United States Sentencing

2

Guidelines, is reviewed de novo." United States v. Cook, 181 F.3d 1232, 1233 (11th Cir. 1999) (citations omitted).

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. Talley, 431 F.3d at 788.

As for procedural reasonableness, Perdue has not met his burden under plain error review.[2] The district court adopted the pre-sentence investigation report

---

[2] As the record shows, Perdue did not object when the district court denied Perdue's request for below-Guidelines sentences based in part on Perdue's "repeated acts of violence involving firearms." Later, however, when Perdue requested low-end Guidelines sentences, he clarified that his obstruction offense did not involve the use of a firearm in furtherance of a crime of violence. At the conclusion of sentencing, Perdue simply preserved an objection "for the reasons articulated earlier to the middle of the guidelines." Because it was not clear that Perdue

("PSI"), including its detailed account of Perdue's criminal history, and Perdue's only objections to his criminal history in the PSI -- which did not relate to its descriptions of his offenses -- were sustained.  In light of this record, the district court's statement that "the nature of [Perdue's] criminal history involves repeated acts of violence involving firearms," was not obviously erroneous, and apart from this one phrase, Perdue does not contend that the court's summary of his criminal history was inaccurate.  Thus, Perdue has not demonstrated "plain" error.  See United States v. Candelario, 240 F.3d 1300, 1309 (11th Cir. 2001) (holding that, in order to qualify as plain error, the error must be "obvious" or "clear under current law") (quotation omitted).  His argument also fails under the third prong of the plain error test since he has neither alleged nor shown that he would have received lesser sentences.  See Rodriguez, 398 F.3d at 1301 (holding that a defendant fails to show that an error affects his substantial rights when "the effect of an error on the result in district court is uncertain or indeterminate").  Indeed, in light of Perdue's clarification regarding his criminal history prior to sentencing, it appears that he would not have.  Thus, Perdue has not shown procedural unreasonableness.

---

was claiming that the court had made a factual error, his general objection to the reasonableness of his sentences was insufficient to preserve the issue he now raises on appeal.  See United States v. Gallo-Chamorro, 48 F.3d 502, 507 (11th Cir. 1995) ("To preserve an issue for appeal, a general objection or an objection on other grounds will not suffice."); United States v. Hoffer, 129 F.3d 1196, 1202 (11th Cir. 1997) (stating that "an objection must be sufficiently detailed to allow the trial court an opportunity to correct any arguable errors before an appeal is taken").

Nor has Perdue succeeded in showing that his sentences are substantively unreasonable, since the § 3553 factors support the court's within-guideline sentence. To begin with, the sale of firearms and ammunition on what Perdue believed was a black market was unquestionably a serious offense; Perdue's criminal history is substantial; and he had repeated probation violations. Moreover, there is no basis for Perdue's contention that the interest of deterrence was not served because the case was not publicized, as § 3553(a) requires the court to consider deterrence in every case, and to consider deterring an individual defendant from committing further crimes. See § 3553(a)(2)(B); see also United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (upholding the finding that the sentence imposed was needed to provide adequate deterrence and protect the public from further crimes of the defendant).

In addition, the court sufficiently considered Perdue's mental disabilities, as evidenced both by the court's comments in response to Perdue's request for sentences below the low-end of the Guidelines range, and inclusion of conditions for mental health treatment in the sentences, and added vocational training as requested by Perdue. Finally, to the extent that Perdue argues that that his sentences are substantively unreasonable because they violate the so-called "parsimony principle," we have expressed our disapproval of the "parsimony principle," on the basis that it does not accurately reflect the mandate of 18

6

U.S.C.S. § 3553(a), that a proper sentence be both sufficient and not greater than necessary to achieve the goals of sentencing.  See Irey, 612 F.3d at 1197.

**AFFIRMED.**